2000 Utah Ct. App. 242

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ned M. HOUSTON, Defendant and Appellant.**

**No. 990393–CA.**

Court of Appeals of Utah.

Aug. 10, 2000.

David P.S. Mack and Kent R. Hart, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Attorney General, and Catherine McAvoy Johnson, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and DAVIS.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant/appellant Ned M. Houston appeals the trial court's order that he pay restitution to cover expenses incurred by Heather Lowder (Lowder) following defendant's conviction of fornication, sodomy, and trespass. We reverse.

## FACTS

¶ 2 Defendant and Lowder met while working as missionaries at a Mexican orphanage in the spring of 1998. Consistent with their religious beliefs, the couple agreed not to have sexual intercourse or even kiss until they were married. Defendant returned to Utah in May 1998; Lowder returned in June 1998.

¶ 3 On July 4, 1998, following a Fourth of July celebration, defendant and Lowder accepted the invitation of Lowder's seven-and eleven-year-old cousins to sleep outside with them on the cousins' trampoline. Late that night, after everyone was asleep, defendant and Lowder engaged in vaginal and anal intercourse. According to defendant, he believed Lowder had consented to the sexual activity because she "nudged" him and did not resist or say anything when he kissed and fondled her. According to Lowder, however, she did not resist, move or say anything because she was "paralyzed" due to her memories of being sexually abused as a child.

¶ 4 The next morning, defendant and Lowder drove around and talked about the events of the previous night. Lowder expressed her anger and asked defendant why he had engaged in sex without her verbal consent. Defendant explained that he believed Lowder was willing and that he would not have continued to engage in sexual relations if Lowder had expressed her unwillingness. Defendant asked Lowder to drive him to the police station and press charges against him. She refused, telling defendant to turn himself in or "live with his guilt." When Lowder stopped at a traffic intersection, defendant jumped from the car and ran away. Lowder drove alone to her parents' home, where she called the police.

¶ 5 After jumping out of the car, defendant broke into a pet store, telephoned 911, and pleaded for police to arrest him. When the police arrived, defendant lay face down on the ground and asked to be taken away. Ultimately, based upon Lowder's request, the state charged defendant with rape, forcible sodomy, and burglary.

¶ 6 At trial, defendant claimed he lacked the requisite intent for all the crimes. In particular, concerning the sex offenses, defendant argued he had "a reasonable and good faith belief that [Lowder] voluntarily consented to engage in sexual intercourse." The jury acquitted defendant of the rape, forcible sodomy, and burglary charges, but convicted him of the lesser-included offenses of fornication, sodomy, and trespass.

¶ 7 As part of defendant's sentence, the trial judge ordered that he pay restitution of $78.00 to the pet store for the glass door he broke and $165.88 to Lowder for out-of-pocket therapy and medical expenses. Defendant agreed to pay for the broken door, but appeals the order of restitution to Lowder.

## ISSUE AND STANDARD OF REVIEW

¶ 8 Defendant argues that because fornication and sodomy criminalize consensual sexual conduct, Lowder was a "coparticipant," not a victim of crime for the purposes of restitution.

¶ 9 "Our review of this question presents an issue of statutory interpretation, which we review for correctness, granting no deference to the trial court's ruling." *W.C.P. v. State,* 1999 UT App 035, ¶ 5, 974 P.2d 302; *see also*

*State v. Galli,* 967 P.2d 930, 937 (Utah 1998). Moreover, in interpreting a statutory provision, courts must view each section "in the context of the entire [legislative] framework to give effect to the entire statutory scheme." *State v. Swapp,* 808 P.2d 115, 121 (Utah Ct.App.1991).

## ANALYSIS

¶ 10 The trial judge ordered restitution as provided by Utah Code Ann. § 76–3–201(4)(a)(i) (1999): "When a person is convicted of criminal activity that has resulted in pecuniary damages, ... the court shall order that the defendant make restitution to victims of crime...." "Pecuniary damages" are defined as "all special damages, but not general damages, *which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities* and includes ... medical expenses." *Id.* § 76–3–201(1)(c) (emphasis added). "Victim" is defined as "any person whom the court determines has pecuniary damages as a result of the defendant's criminal activities," *id.* § 76–3–201(1)(e)(i), but *"does not include any co-participant in the defendant's criminal activities."* *Id.* § 76–3–201(1)(e)(ii) (emphasis added).

¶ 11 The trial judge did not order restitution for fornication because fornication involves consensual sexual conduct.[1] However, the statute defining simple sodomy does not mention voluntary or consensual conduct. *See id.* § 76–5–403(1). The trial court therefore declined to rule that Lowder could not

be a "victim" of sodomy for restitution purposes and, accordingly, ordered restitution.

¶ 12 Our supreme court has explained:

it is clear from the legislative scheme that restitution is not a 'punishment' but a civil penalty whose purpose is entirely remedial, i.e., to compensate victims for the harm caused by a defendant and whose likely intent is to spare victims the time, expense, and emotional difficulties of separate litigation to recover their damages from the defendant.

*Monson v. Carver,* 928 P.2d 1017, 1027 (Utah 1996). An award of pecuniary damages as restitution for crime is justified because proof of a defendant's guilt beyond a reasonable doubt necessarily meets the preponderance of evidence standard establishing civil liability.

¶ 13 In the present case, had defendant been convicted of forcible sodomy, Lowder's lack of consent would have been established beyond a reasonable doubt. A fortiori, the "facts and events constituting the criminal activity" would have supported an award of civil damages; restitution would therefore have been proper. Utah Code Ann. § 76–3–201(1)(c) (1999). However, the jury did not convict defendant of forcible sodomy. Nothing in the jury's verdict establishes lack of consent, whether beyond a reasonable doubt or by a preponderance of the evidence.[2] Under the facts in effect found by the jury, Lowder would not be able to "recover against the defendant in a civil action." *Id.* § 76–3–201(1)(e). Therefore, the facts and events

---

1. Utah's fornication statute provides: "Any unmarried person who shall *voluntarily* engage in sexual intercourse with another is guilty of fornication." Utah Code Ann. § 76–7–104(1) (1999) (emphasis added).

2. The dissent suggests that although the jury did not find beyond a reasonable doubt that Lowder did not consent, Lowder was nevertheless a victim. The dissent states: "we know precisely why defendant was not convicted of rape and forcible sodomy. Although the victim undisputedly did not consent, the jury accepted defendant's position that he reasonably believed she did consent." We disagree. It is improper for us to speculate on why the jury found defendant not guilty of forcible sodomy. We may not look into the reasons behind the verdict of simple sodomy: in convicting defendant of the lesser-included

offense, the jury could have believed that Lowder consented or that defendant was reasonably mistaken regarding her consent. Moreover, our appellate review of the cold record can not substitute for the evidence-weighing function of the jury. There was evidence and argument before the jury which would support a finding that Lowder did consent. For example, defendant testified that he felt Lowder nudge him. Lowder did not tell or indicate to defendant that he should stop. Lowder testified that she was able to consent to sexual relations. Defense counsel argued to the jury that Lowder may now claim she did not consent because she felt remorse for failing to keep her religious commitment of abstinence. In sum, defendant cannot be required to pay restitution based on our speculation as to what the jury concluded.

constituting simple sodomy do not support the award of restitution to Lowder. Accordingly, we vacate the award of restitution under the sodomy conviction.[3]

¶ 14 I CONCUR: JAMES Z. DAVIS, Judge.

BENCH, Judge (dissenting):

¶ 15 I do not agree with the majority that the jury's guilty verdict of fornication and sodomy (instead of rape and forcible sodomy) precludes, as a matter of law, any order of restitution. I therefore dissent.

¶ 16 At the outset, I feel it necessary to highlight some facts, and do so because they offer strong support for the trial court's conclusion that Lowder was a victim. First, after Lowder refused to drive defendant to the police station to allow defendant to turn himself in, defendant jumped from the car while it was stopped at an intersection. He then broke into a pet shop, called 911, and told the operator he had hurt someone and wanted to be locked up. Second, the morning after defendant committed the sexual acts, Lowder was bleeding from her anus. The nurse that examined her discovered that Lowder had an abrasion and lacerations both on the anus and between the vagina and anus, that the hymen was swollen and lacerated, and that some of the lacerations were still bleeding. The nurse stated that Lowder exhibited "acute mounting injuries," which were consistent with non-consensual intercourse.

¶ 17 The majority argues that because defendant was not convicted of the more serious crimes, a lack of consent could not be established. However, because of how this case was presented to the jury, we know precisely why defendant was not convicted of rape and forcible sodomy. Although the victim undisputedly did not consent, the jury accepted defendant's position that he reasonably believed she did consent. The defense consistently took this position at trial.[1] For example, defense counsel stated to the jury as follows:

> An element or part of the crimes of rape and [forcible] sodomy is that the actor knew his partner did not consensually participate in these acts. In the case before you, this means that the State has the burden of proving beyond a reasonable doubt, that Ned Houston knew Heather Lowder did not consent to the sex they engaged in.
>
> After hearing the evidence, if you have any reason to believe that Ned Houston thought Heather Lowder consented, then you must find Ned Houston not guilty of rape and [forcible] sodomy.

¶ 18 The trial court instructed the jury, in instruction number 41, as follows:

> In the crime[s] of rape and forcible sodomy, criminal intent must exist at the time of the commission of the [crimes]. There is no criminal intent if the defendant had a reasonable and good faith belief that the other person voluntarily consented to engage in sexual intercourse. Therefore if after a consideration of all of the evidence you have a reasonable doubt that the defendant had the necessary intent at the time of the sexual intercourse[,] you must find him not guilty of rape or forcible sodomy.

In closing argument, recognizing that Lowder did not consent, defense counsel again explained defendant's position as follows:

> What [jury instruction number 41] says is that Heather may not have consented. I think it is abundantly clear from her position. We now know she did not feel that she consented. There is no dispute in that. What this says is that even though she says now she did not consent, that at

---

**3.** We do not reverse and remand for a hearing to determine if Lowder consented to sodomy as defendant would have a constitutional right to a jury in a civil action to determine if defendant tortiously caused Lowder damage. *See* Utah R. Civ. P. 38, 39.

**1.** In footnote 2 of the opinion, the majority suggests that defendant urged at trial that Lowder actually consented. That is simply not borne out by the record and, in making the argument, the majority takes the testimony out of context. Defendant has consistently maintained throughout these proceedings only that it was reasonable for him to believe that Lowder consented, not that she actually did consent.

the time the act was occurring, you have to look into the mind of Ned Houston and determine whether, after consideration of all of the evidence, you have a reasonable doubt that he had the necessary intent at the time of the sexual intercourse. If he didn't have the intent, it doesn't matter if she didn't consent—she said she didn't consent—if he had a reasonable and good faith belief that she voluntarily consented. Mistakes happen and we are talking about a big mistake here. But it is not rape and it is not forcible sodomy.

. . . .

Ned's state of mind is at issue. Was his belief reasonably held that he was engaging in a consensual behavior? . . .

The question is not whether she really consented. It is whether he believed she consented. Is it reasonable?

¶ 19 It is clear that the jury did not determine that Lowder consented, but only that defendant reasonably mistook Lowder's response, or lack thereof, for consent. Defendant's convictions of the lesser offenses could therefore have only been based on defendant's mistaken belief, and not on Lowder's actual consent.

¶ 20 Given how this case was presented to the jury, the conviction of the lesser offenses does not render Lowder a coparticipant in defendant's crimes. *See* Utah Code Ann. § 76–3–201(1)(e)(ii) (1999) (stating " '[v]ictim' does not include any coparticipant in the defendant's criminal activities"). Although defendant may have lacked the mens rea to commit the greater offenses, the preponderance of the evidence clearly demonstrates that Lowder was a victim. As such, she is entitled to restitution for any pecuniary damages she suffered. *See* Utah Code Ann. § 76–3–201(4)(a)(i) (1999).

¶ 21 I would therefore affirm the decision of the trial court ordering defendant to pay Lowder $165.88 in restitution.