2004 UT 27

**Linda HAYMOND and Melanie A. Lloyd, for themselves and for all others similarly situated, Plaintiffs and Appellants,**

v.

**BONNEVILLE BILLING & COLLECTIONS, INC., a Utah corporation; Ted K. Godfrey; David Toller; and John Does 1 through 10, Defendants and Appellees.**

No. 20020531.

Supreme Court of Utah.

March 30, 2004.

Lester A. Perry, Salt Lake City, for plaintiffs.

Andrew M. Morse, D. Jason Hawkins, Rebecca L. Hill, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 Plaintiffs Linda Haymond and Melanie A. Lloyd appeal the trial court's dismissal of their lawsuit against the defendants. The trial court dismissed the case because it concluded that neither Haymond nor Lloyd had standing to sue. We affirm.

## BACKGROUND

¶ 2 Haymond and Lloyd both issued checks to merchants that were dishonored for insufficient funds and assigned to defendant

Bonneville Billing & Collections, Inc. ("Bonneville") for collection. In both cases, Bonneville employed defendant Ted K. Godfrey, an attorney, to pursue collection. Both Haymond and Lloyd were subsequently sued by Bonneville for collection of their respective debts. Lloyd, who was unrepresented by counsel, ultimately settled her case with Bonneville by paying $200.20, with $150 of the settlement allocated for attorney fees. During the proceedings against her, Haymond retained Lester Perry, an attorney, to represent her in Bonneville's suit. Before hiring Perry, Haymond paid $28 directly to the merchant, representing the amount of the check, some interest, and a $20 fee. Haymond paid nothing further to Bonneville after hiring Perry. Indeed, Bonneville dismissed its suit over Haymond's objection.

¶ 3 After settling their cases with Bonneville, Haymond and Lloyd, through attorney Perry, filed the suit now before the court. Their complaint outlines some twenty-two causes of action against Bonneville, its principal, David Toller, and its primary attorney, Godfrey. The causes of action all center on allegations that Bonneville and Godfrey engage in illegal splitting of attorney fees and illegal collection of treble damages. With regard to the fee-splitting allegations, Haymond and Lloyd complain that, although Godfrey retains attorney fees granted in cases brought on Bonneville's behalf, he is essentially splitting fees with Bonneville by paying an inordinately high fee for use of Bonneville's computer system. Additionally, Haymond and Lloyd allege that Bonneville is illegally retaining for itself treble damage awards to which merchants, not collection agencies, are entitled.

¶ 4 Bonneville, Toller, and Godfrey moved to dismiss the suit for lack of standing. After oral argument on the motions, the trial court dismissed all claims, finding that there was no private right of action for the violations alleged. Haymond and Lloyd now appeal, arguing that they do have standing and that a denial of standing would violate their rights to due process and to petition the courts for redress under the Utah Constitution.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 5 Standing issues are issues of law reviewed for correctness. *Kearns–Tribune Corp. v. Wilkinson,* 946 P.2d 372, 373–74 (Utah 1997). However, for purposes of evaluating a motion to dismiss, the facts alleged in the complaint are to be considered as true, with any inferences drawn in favor of the plaintiffs' claims. *Whipple v. Am. Fork Irrigation Co.,* 910 P.2d 1218, 1219 (Utah 1996).

### II. STANDING

¶ 6 "As a general rule, a person can sustain a cause of action only where he has sustained some injury to his legal personal or property rights, the injury and the cause of action being contemporaneous." 1A C.J.S. *Actions* § 32a (1985); *Jenkins v. Swan,* 675 P.2d 1145, 1148 (Utah 1983). In matters of great public importance, we have employed other tests to evaluate whether a plaintiff should be allowed to pursue a lawsuit where he has sustained no injury. Standing may be found if the matter is of great public importance, if the plaintiff, although lacking a distinct injury is in as good a position to challenge the alleged illegality as any other potential plaintiff, and if the issue is unlikely to ever be raised if the plaintiff is denied standing to sue. *Jenkins,* 675 P.2d at 1150. Neither Haymond nor Lloyd has suffered legal injuries sufficient to give them a cause of action against the defendants under either the traditional or the public interest standing test.

#### A. *Traditional Standing*

¶ 7 Haymond identifies as her injury the "expenses, lost time, aggravation and distress in defending against [Bonneville's collection] attempts." Given that Haymond paid no attorney fees or treble damages, these supposed injuries are insufficient to confer standing. The inconveniences Haymond cites are largely self-inflicted; they are the result of drafting an instrument without sufficient funds in her account to pay the payee. None of the defendants' conduct in Bonneville's lawsuit against Haymond caused

a distinct and palpable injury, and she has no standing.

■ ¶ 8 Likewise, Lloyd has suffered no injury sufficient to confer standing. Bonneville never sought to collect treble damages in Lloyd's case, so she has no standing to challenge Bonneville's alleged illegal collection of treble damages. Lloyd did pay $150 in attorney fees as part of her settlement. However, Lloyd agreed to that settlement without reservation. She cannot now complain that Bonneville injured her by her settlement.

¶ 9 Even assuming she paid attorney fees that were split inappropriately, Lloyd would have no legal injury. State law provides that one who sues to collect on a dishonored check may collect reasonable attorney fees from the issuer. Utah Code Ann. § 7–15–1(7)(b)(v) (Supp.2003). The Utah Rules of Judicial Administration provide a schedule for payment of attorney fees in matters where fees are allowed by statute. Utah R. Judicial Admin. 4–505.01. For check amounts under $700, the rule provides that $150 is a reasonable amount for attorney fees. *Id.* Thus, Lloyd was responsible for at least that amount of fees, and any external illegality is irrelevant to her. Having suffered no legal injury, Lloyd has no standing under the traditional standing test.

### B. Public Interest Standing

■ ¶ 10 Plaintiffs have also failed to show that they should be granted standing under our public interest test. Specifically, Haymond and Lloyd are not the best-suited parties to challenge the alleged illegalities. As for the collection of treble damages, the merchants who are entitled to recover any treble damages collected from issuers of bad checks are in a better position than Haymond or Lloyd. Utah Code Ann. § 7–15–1(7)(b)(vi), (e). Regarding any illegal fee-splitting, the Utah State Bar's Office of Professional Conduct is much better-suited to challenge and remedy any existing problems with Bonneville's and Godfrey's practices.[1] Assuming

for the sake of argument that plaintiffs' allegations are true, we expect that the existence of parties better-suited to challenge the defendants' alleged misconduct will allow resolution of any important public issues. Consequently, Haymond and Lloyd have no standing to sue.

### III. CONSTITUTIONAL ISSUES

■ ¶ 11 Constitutional issues may not generally be raised for the first time on appeal. *Monson v. Carver,* 928 P.2d 1017, 1022 (Utah 1996). The constitutional arguments raised in this appeal were not raised before the trial court and we will not consider them now. Haymond and Lloyd argue that application of the traditional standing test involves reference to the Due Process and Open Courts Clauses of the Utah Constitution for determination of what interests must be injured to confer standing. However, in the court below, Haymond and Lloyd made no reference to either of these provisions. Because standing may be conferred in numerous ways, a party cannot assume that any pertinent constitutional issues are automatically raised because standing is addressed. Therefore, the absence of argument below concerning article I, sections 7 and 11 of the Utah Constitution renders those arguments unavailable on appeal.

### CONCLUSION

¶ 12 Neither Haymond nor Lloyd has suffered a legal injury sufficient to give them a cause of action. The practices they complain of, even if true, caused no legal injury to either plaintiff. Additionally, because there are more suitable plaintiffs than Haymond and Lloyd, standing need not be granted to allow resolution of these issues. Affirmed.

¶ 13 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.

---

1. We note that illegal fee-splitting would be a serious breach of professional ethics for an attorney. However, we rely on the Office of Professional Conduct for investigation of professional misconduct. If deemed necessary, this court will address more explicit rules governing the payment and allocation of attorney fees.