2004 UT App 337

**D. BERG, Plaintiff and Appellant,**

v.

**STATE of Utah; Olene S. Walker, Governor; and Mark Shurtleff, Attorney General, Defendants and Appellees.**

**No. 20030842–CA.**

Court of Appeals of Utah.

Sept. 30, 2004.

---

Brian M. Barnard and James L. Harris Jr., Utah Legal Clinic, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General and Jerrold S. Jensen, Assistant Attorney General, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and GREENWOOD.

## OPINION

BENCH, Associate Presiding Judge:

¶ 1 D. Berg appeals the trial court's order dismissing his federal and state claims for lack of standing. We affirm.

## BACKGROUND

¶ 2 During the last three years, Berg has engaged in private, heterosexual, consensual sexual acts with another unmarried adult. Berg admits that these acts violate Utah's criminal laws against sodomy, *see* Utah Code Ann. § 76–5–403(1) (2003),[1] and fornication, *see* Utah Code Ann. § 76–7–104 (2003).[2] Berg says he continues to violate the statutes, and fears criminal prosecution for his past, present, and future conduct. Berg filed a federal civil rights complaint under 42 U.S.C. § 1983 (2003), claiming that these statutes unlawfully criminalize his private, sexually expressive behavior protected under the federal and state constitutions. Pursuant to Utah's Declaratory Judgment Act, *see* Utah Code Ann. §§ 78–33–1 to –13 (2002), he also requested a declaration that the statutes were unconstitutional, and a permanent injunction from prosecution under the statutes.

¶ 3 The State filed a motion to dismiss, arguing that the issue was not ripe for adjudication, that Berg did not have standing, and that Berg could not meet the four requirements imposed by Utah courts to issue a declaratory judgment. Attached to the State's motion to dismiss was an affidavit from Attorney General Mark Shurtleff, wherein the Attorney General stated that

[u]nder the facts set forth by [Berg], criminal charges would not be filed against [Berg] for the alleged activity by the Attorney General's Office.

. . . .

There are no cases of which I am aware in the recent past that Utah prosecutors have charged anyone with a violation of Utah's fornication statute. Again, in light of the recent United States Supreme Court case of *Lawrence v. Texas,* [539 U.S. 558, [123 S.Ct. 2472, 156 L.Ed.2d 508] (2003)], I think it is extremely unlikely any Utah prosecutor would bring a case to enforce the Utah sodomy statute, and were I consulted on the matter beforehand, I also would advise them not to do so.[3]

¶ 4 The trial court found that "Berg's claims fail[ed] to meet state standing requirements for declaratory judgment actions," and thus granted the State's motion to dismiss. Berg appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Berg maintains that the trial court incorrectly determined that he lacks standing to pursue this action. "[T]he question of whether a given individual ... has standing to request a particular relief is primarily a question of law, although there may be factual findings that bear on the issue. We will review such factual determinations made by a trial court with deference." *LeVanger v. Highland Estates Props. Owners Ass'n, Inc.,* 2003 UT App 377, ¶ 8, 80 P.3d 569 (first alteration in original) (quotations and citations omitted).

## ANALYSIS

¶ 6 Before maintaining an action under the Declaratory Judgment Act, the following four conditions must be present: "(1) a justiciable controversy; (2) the interests of the parties must be adverse; (3) the party seeking such relief must have a legally protectible interest in the controversy; and (4) the issues between the parties involved must be ripe for judicial determination." *Baird v. State,* 574 P.2d 713, 715 (Utah 1978). However, before addressing these conditions, we must first decide whether Berg satisfies the standing requirement. "The threshold requirement that [Berg] have standing is

1. The sodomy statute provides:

   (1) A person commits sodomy when the actor engages in any sexual act with a person who is 14 years of age or older involving the genitals of one person and mouth or anus of another person, regardless of the sex of either participant.

   . . . .

   (3) Sodomy is a class B misdemeanor.
   Utah Code Ann. § 76–5–403(1) (2003).

2. The fornication statute provides that "[a]ny unmarried person who shall voluntarily engage in sexual intercourse with another is guilty of fornication. Fornication is a class B misdemeanor." Utah Code Ann. § 76–7–104 (2003).

3. Although this sentence of the Attorney General's affidavit refers only to the sodomy statute, during oral argument the State maintained that the Attorney General's promise not to prosecute Berg for the "alleged activity" extended to both the sodomy and fornication statutes.

equally applicable whether he seeks declaratory or injunctive relief." *Jenkins v. Swan,* 675 P.2d 1145, 1148 (Utah 1983). Thus, even though the conditions of the Declaratory Judgment Act may be satisfied, an individual plaintiff may not have standing to pursue a declaratory judgment in a particular case. *See id.* ("The statutory creation of relief in the form of a declaratory judgment does not create a cause of action or grant jurisdiction to the court where it would not otherwise exist.").

## Standing

■■ ¶ 7 Requiring standing insures that "judicial procedures focus on specific, well-defined legal and factual issues." *National Parks & Conservation Ass'n. v. Board of State Lands,* 869 P.2d 909, 913 (Utah 1993). Thus, we focus on whether the parties "have both a sufficient interest in the subject matter of the dispute and a sufficient adverseness so that the issues can be properly explored." *Id.*

■ ¶ 8 We determine the sufficiency of the parties' interest and adverseness by applying "three general rules." *Id.* If a plaintiff qualifies under any one of the three rules, the court grants standing. *See id.* Under the first rule, a plaintiff establishes standing by showing "some distinct and palpable injury that gives rise to a personal stake in the outcome of the dispute." *Id.* Under the second rule, the court grants a plaintiff standing "if the plaintiff . . . is in as good a position to challenge the alleged illegality as any other potential plaintiff." *Haymond v. Bonneville Billing & Collections, Inc.,* 2004 UT 27, ¶ 6, 89 P.3d 171 (citing *Jenkins,* 675 P.2d at 1150). Under the final rule, a plaintiff secures standing by "rais[ing] issues that are so 'unique and of such great importance that they ought to be decided in furtherance of the public interest.'" *National Parks,* 869 P.2d at 913 (quoting *Terracor v. Utah Bd. of State Lands,* 716 P.2d 796, 799 (Utah 1986)).

■ ¶ 9 Under the first rule, we assess whether Berg has a sufficient "personal stake" in this dispute. *Id.* Hence, "[w]e first apply traditional standing criteria, which require that (a) the interests of the parties be adverse, and (b) the parties seeking relief have a legally protectible interest in the controversy." *Kennecott Corp. v. Salt Lake County,* 702 P.2d 451, 454 (Utah 1985). This rule requires Berg to show "a distinct and palpable injury." *National Parks,* 869 P.2d at 913.

¶ 10 Berg fails to establish standing under this first rule because the parties' interests are not adverse and Berg points to no distinct and palpable injury. Berg and the Attorney General agree that two consenting adults who engage in the statutorily forbidden sexual acts should not face criminal liability. The Attorney General has stated, in a sworn affidavit, that "[u]nder the facts set forth by [Berg], criminal charges would not be filed." In addition, the Attorney General has promised to advise prosecutors not to file sodomy and fornication charges against individuals like Berg. We find this promise significant given the Attorney General's authority to "exercise supervisory powers over the district and county attorneys of the state in all matters pertaining to the duties of their offices." Utah Code Ann. § 67–5–1(6) (Supp. 2004). Thus, in all relevant respects the parties' positions are in harmony, and we cannot infer a clash of adverse interests from the facts of this case. Where prosecution is improbable, Berg's fear of prosecution does not rise to the level of a palpable injury.

¶ 11 In spite of the Attorney General's promise, Berg states that he "fears prosecution" and that the sodomy and fornication statutes "directly affect him." Berg attempts to demonstrate that he faces a genuine threat of prosecution by pointing to several recent cases where prosecutors pressed charges under the statutes. However, these cases are factually quite different and fail to demonstrate a palpable injury.

¶ 12 First, Berg cites *State v. Houston,* 2000 UT App 242, 9 P.3d 188. In that case, the State charged Houston with rape, forcible sodomy, and the lesser included offenses of fornication and sodomy. *See id.* at ¶ 5. The jury acquitted Houston of rape and forcible sodomy, but convicted him of sodomy and fornication. *See id.* at ¶ 6. Berg argues that *Houston* justifies his fear of prosecution because "[t]he defendant was convicted even

though the jury found the sex acts to be consensual." However, this court in *Houston* explicitly declined to speculate on the issue of consent, noting that "the jury could have believed that [the alleged victim] consented or that [the] defendant was reasonably mistaken regarding her consent." *Id.* at ¶ 13 n. 2. Moreover, unlike Berg, Houston was accused of rape; it is extremely unlikely that Houston would have faced criminal liability for sodomy and fornication without the rape accusation. *Houston* does not demonstrate that the State is willing to prosecute individuals like Berg for engaging in consensual sodomy and fornication.

¶ 13 Berg also notes that an American Fork City prosecutor filed sodomy charges against a nineteen-year-old man in 2000. *See D.L.S. v. State*, 374 F.3d 971, 976–75 (10th Cir.2004) (detailing the facts of the American Fork case). The police arrested the defendant after searching "the defendant's home pursuant to a search warrant for a rape charge." *Id.* (quotations and citation omitted.) The investigation revealed that the defendant had engaged in consensual sodomy with a sixteen-year-old girl. *See id.* In addition to sodomy, the prosecutor charged the defendant with possession of a controlled substance and contributing to the delinquency of a minor. *See id.* Berg seeks to draw an analogy between his case and the American Fork case by noting that both involve consensual sodomy. However, Berg ignores a crucial distinction between the two cases: the American Fork defendant engaged in sodomy with a minor, while Berg engages in sodomy with an adult.[4]

¶ 14 Finally, Berg cites *State v. Gomez*, a pending criminal matter involving conduct similar to that in the American Fork case. The prosecutor has filed sexual exploitation of a minor and sodomy charges against Go-

mez, a nineteen-year-old high school student. Gomez allegedly engaged in consensual oral sex with a sixteen-year-old girl. Like the American Fork case, *Gomez* involves a minor, and we find it distinguishable from Berg's case.

¶ 15 The three cases Berg cites do not show that the State is likely to prosecute consenting adults who violate the fornication and sodomy statutes. Rather, the cases demonstrate that the State will occasionally use the statutes against two classes of people: (1) individuals charged with rape or forcible sodomy, and (2) individuals who engage in consensual sodomy with minors. Berg does not fit into either of these classes. Thus, Berg fails to demonstrate a palpable injury and cannot qualify for standing under the first rule.

¶ 16 Under the second rule, Berg "may have standing if no one has a greater interest than he and if the issue is unlikely to be raised at all if the plaintiff is denied standing." *Kennecott Corp. v. Salt Lake County*, 702 P.2d 451, 454 (Utah 1985). Plaintiffs seeking standing under this rule must show that they are "the best-suited parties to challenge the alleged illegalities." *Haymond v. Bonneville Billing & Collections, Inc.*, 2004 UT 27,¶ 10, 89 P.3d 171.

¶ 17 Berg fails to secure standing under this rule because other parties are better suited to challenge these statutes. As indicated above, persons charged with rape and persons who engage in consensual sodomy with minors are much better suited to challenge the sodomy and fornication statutes because they are more likely to be prosecuted. Hence, these individuals "have 'a more direct interest in the issues' and [are] able to 'more adequately litigate the issues.' "[5]

---

4. In *D.L.S. v. State*, 374 F.3d 971 (10th Cir.2004), the Tenth Circuit Court of Appeals declined to grant standing to a plaintiff who, like Berg, was challenging Utah's sodomy statute. *See id.* at 973. Rejecting the comparison to the American Fork case, the court observed that "[t]he fact that the city brought charges ... for conduct involving a minor does not support an inference that D.L.S. faces a real and immediate threat of prosecution." *Id.* at 975.

5. Indeed, Gomez, who currently faces sodomy charges, is in an ideal position to challenge the sodomy statute. Berg seems to agree: "[A] person criminally charged with the misdemeanors of sodomy and fornication would be in a stronger position to challenge the statutes." However, Berg argues that "a court will not take jurisdiction of a *civil* action seeking to invalidate a criminal statute if there is a pending criminal prosecution involving the same issues." *See McRae & DeLand v. Feltch*, 669 P.2d 404, 405

*State v. Ansari,* 2004 UT App 326, ¶ 40 (quoting *State v. Mace,* 921 P.2d 1372, 1379 (Utah 1996)). We cannot grant Berg standing when other individuals face greater risk under the statutes and thus have a greater stake in the resolution of this issue.

¶ 18 Under the final rule, we will grant standing if Berg "raises issues that are so unique and of such great importance that they ought to be decided in furtherance of the public interest." *National Parks & Conservation Ass'n. v. Board of State Lands,* 869 P.2d 909, 913 (Utah 1993). (quotations and citation omitted). However, we will confer standing on the basis of public interest only in "limited circumstances." *Id.* Under this rule, "[t]he dispute must (1) raise a statutory or constitutional issue of substantial public import, (2) be presented by adverse parties, and (3) otherwise be suitable for resolution by the courts." *Id.*

¶ 19 Berg fails to raise an issue of substantial public import. Prosecutors rarely use the sodomy and fornication statutes. The rare instances where prosecutors have used the statutes do not suggest the presence of a widespread problem requiring judicial intervention in this case. *See Ansari,* 2004 UT App 326 at ¶ 41 ("[The defendants] allege injury in the abstract and, without reifying facts to indicate injury actually exists and is widespread, we refuse to consider it an important public concern."). Accordingly, public interest does not require us to allow standing in Berg's case. Instead, we "await a more appropriate representative of the concerns raised." *Id.*

### CONCLUSION

¶ 20 For the foregoing reasons, we affirm the trial court's dismissal.

¶ 21 WE CONCUR: JAMES Z. DAVIS, Judge and PAMELA T. GREENWOOD, Judge.

(Utah 1983) (" 'A declaratory judgment proceeding is particularly inappropriate where a criminal action involving the identical question is already pending.' " (citation omitted)). While it

may be true that Gomez will not be able to seek a declaratory judgment while he is being prosecuted for sodomy, he can raise a constitutional challenge within the context of his criminal case.