2005 UT App 235

STATE of Utah, in the Interest of W.S., a person under eighteen years of age.

State of Utah, Division of Youth Corrections, Appellant,

v.

Seventh District Juvenile Court, Appellee.

No. 20031021–CA.

Court of Appeals of Utah.

May 26, 2005.

Mark L. Shurtleff and Susan Eisenman, Salt Lake City, for Appellant.

Brent M. Johnson, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

BENCH, Associate Presiding Judge:

¶ 1 The Division of Youth Corrections (the Division) [1] appeals an order of the juvenile court requiring the Division to place W.S. outside the boundaries of the Seventh Judicial District. We dismiss the Division's appeal for lack of standing.

## BACKGROUND

¶ 2 W.S. was placed in the Division's custody as a result of his delinquent behavior. The juvenile court ordered the Division to provide a community-based placement for W.S. Later, at a review hearing held on December 10, 2003, the juvenile court ordered the Division to remove W.S. from the Seventh Judicial District.

---

1. The Division of Youth Corrections is now known as the Division of Juvenile Justice Services. *See* Utah Code Ann. § 62A–7–102 (Supp. 2004).

¶3 The juvenile court, although acknowledging that W.Ş. had made progress in the placement, expressed concerns about the Division's changed "policy and practice." The Division had apparently ceased to participate in a "cooperative effort" with school personnel, law enforcement, and mental health authorities. The juvenile court concluded that this lack of cooperation threatened the safety of the community and was contrary to the best interest of W.S. Neither W.S. nor his parents filed any objection to the December 10th order.

¶4 The Division filed a motion for a new trial, relief from judgment, or to amend or alter the judgment, on the ground that the juvenile court lacked the authority to order a placement outside of the Seventh Judicial District. The juvenile court denied this motion and the Division appealed. After the appeal was filed, the juvenile court amended the December 10th order, reversing the requirement that the Division place W.S. outside of the Seventh Judicial District. W.S. has since been released from the Division's custody.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶5 The juvenile court argues that the Division lacks standing to pursue this appeal. "[T]he question of whether a given individual . . . has standing to request a particular relief is primarily a question of law, although there may be factual findings that bear on the issue. We will review such factual determinations made by a trial court with deference." *LeVanger v. Highland Estates Props. Owners Ass'n., Inc.,* 2003 UT App 377,¶ 8, 80 P.3d 569 (first alteration in original) (quotations and citations omitted).

## ANALYSIS

■■■ ¶6 "Requiring standing insures that 'judicial procedures focus on specific, well-defined legal and factual issues.' " *Berg v. State,* 2004 UT App 337,¶ 7, 100 P.3d 261 (quoting *National Parks & Conservation Ass'n. v. Board of State Lands,* 869 P.2d 909, 913 (Utah 1993)). A party can demonstrate standing by meeting the requirements of one of three tests. *See id.* at ¶ 8. The first test requires that the party seeking standing meet three elements to demonstrate a sufficient personal stake in the dispute. *See id.* at ¶ 9. The second test is satisfied "if the plaintiff . . . is in as good a position to challenge the alleged illegality as any other potential plaintiff." *Haymond v. Bonneville Billing & Collections, Inc.,* 2004 UT 27,¶ 6, 89 P.3d 171. Under the final test, a party can demonstrate standing in a unique case by raising issues of great public importance. *See Berg,* 2004 UT App 337 at ¶ 8.

¶7 The Division argues that it has met the requirements of the second test. Under the second test, the Division must show that "no one has a greater interest" in the dispute and that "the issue is unlikely to be raised at all if [the Division] is denied standing." *Kennecott Corp. v. Salt Lake County,* 702 P.2d 451, 454 (Utah 1985). The Division fails to meet this test.

¶8 The Division has admittedly filed this appeal to settle the question of whether the action taken by the juvenile court impermissibly encroaches upon the Division's statutory powers. The Division raises no claim that the juvenile court erred in its best interests determination. In fact, the outcome of this appeal can have no impact upon the rights of W.S. because he is no longer in the Division's custody. Thus, the Division is necessarily acting as an executive agency seeking to vindicate its own rights, not as a custodian seeking to protect the rights of W.S.

¶9 The December 10th order required W.S. to move to a different placement, a move that would require a significant adjustment for him and his family. The Division concedes that W.S. "certainly could appeal an order regarding his placement," but argues that the order primarily impacts the Division because W.S. was placed under the Division's custody. However, any impact upon the Division pales in comparison to the direct impact the order had on W.S. In acting to vindicate its own rights as an agency, not as a custodian, the Division cannot be considered a proper party to this appeal.[2] *See*

2. Our holding does not address whether the Division would have standing to pursue an appeal of

*Wright v. Brown,* 574 P.2d 1154, 1155 (Utah 1978) (holding that an entity that was not a party to the dispute in the lower court had no standing to appeal).

## CONCLUSION

¶ 10 W.S. was in a position to challenge the December 10th order, and did not. "We cannot grant . . . standing when other individuals face greater risk" from the allegedly improper action "and thus have a greater stake in the resolution of this issue." *Berg,* 2004 UT App 337 at ¶ 17. We therefore dismiss the Division's appeal for lack of standing.

¶ 11 WE CONCUR: JAMES Z. DAVIS and WILLIAM A. THORNE JR., Judges.

a juvenile court order on behalf of a juvenile in its custody. We leave that question for another day.