v.

**STATE of Utah; Olene Walker, Governor, State of Utah; et al., Defendants and Appellees.**

No. 20050560–CA.

Court of Appeals of Utah.

March 23, 2006.

Brian M. Barnard and James L. Harris, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jerrold S. Jensen, Asst. Atty. Gen., Salt Lake City, for Appellees.

Before Judges BILLINGS, DAVIS, and ORME.

## OPINION

BILLINGS, Judge:

¶ 1 Plaintiff D.A.R. appeals the trial court's order dismissing his case for lack of standing. On appeal, Plaintiff first requests that this court grant him standing. Second, Plaintiff asks this court to declare Utah's sodomy and fornication statutes unconstitutional. See Utah Code Ann. §§ 76–5–403,[1] 76–7–104 (2003).[2] Finally, Plaintiff seeks a permanent injunction barring his prosecution for past, present, and future violations of Utah's sodomy and fornication statutes. We affirm the trial court's dismissal for lack of standing.

## BACKGROUND

¶ 2 Plaintiff, an unmarried adult, is less than twenty four years of age. Within the last year, Plaintiff has occasionally engaged in conduct that violated Utah statutes prohibiting sodomy, see Utah Code Ann. § 76–5–403, and fornication, see Utah Code Ann. § 76–7–104. Specifically, Plaintiff claims to have engaged in private, noncommercial, consensual oral sex and sexual intercourse with an unmarried woman, seventeen years of age.

¶ 3 The State has not prosecuted Plaintiff for violating Utah's sodomy and fornication statutes. However, Plaintiff alleges he fears prosecution for past conduct in violation of these statutes. Plaintiff also alleges he fears future criminal prosecution because he desires to and anticipates he will engage in such prohibited conduct in the future.

¶ 4 Plaintiff filed a motion for summary judgment in district court, requesting a declaratory judgment that Utah's sodomy and

1. Utah's sodomy statute states:
 (1) A person commits sodomy when the actor engages in any sexual act with a person who is 14 years of age or older involving the genitals of one person and mouth or anus of another person, regardless of the sex of either participant.
 (2) A person commits forcible sodomy when the actor commits sodomy upon another without the other's consent.

 (3) Sodomy is a class B misdemeanor.
 Utah Code Ann. § 76–5–403 (2003).

2. Utah's fornication statute states: "(1) Any unmarried person who shall voluntarily engage in sexual intercourse with another is guilty of fornication. (2) Fornication is a class B misdemeanor." Utah Code Ann. § 76–7–104 (2003).

fornication statutes are "null and void as violations of [P]laintiff's constitutional right to liberty and privacy ... [and][P]laintiff's right to intimate personal expression." In response, the State moved to dismiss the case for Plaintiff's failure to satisfy Utah's standing requirements. The district court granted the State's motion to dismiss for lack of standing. Plaintiff appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Plaintiff argues the trial court erred in dismissing his case for lack of standing. " 'Whether a plaintiff has standing is a question of law and we accord no deference to the ruling of the trial court.' " *Stocks v. United States Fid. & Guar. Co.*, 2000 UT App 139,¶ 9, 3 P.3d 722 (quoting *West Valley City Fraternal Order of Police Lodge # 4 v. Nordfelt*, 869 P.2d 948, 950 (Utah Ct.App. 1993)). However, it is Plaintiff's burden to establish standing. *See Barnard v. Motor Vehicle Div.*, 905 P.2d 317, 320–21 (Utah Ct.App.1995).

## ANALYSIS

¶ 6 On appeal, Plaintiff requests that this court declare Utah's sodomy and fornication statutes unconstitutional under the Utah Declaratory Judgment Act (the Act). *See* Utah Code Ann. §§ 78-33-1 to –13 (2003). A court, however, cannot consider the Act and its requisite conditions without first determining that the moving party meets "[t]he threshold requirement ... [of] standing ... [necessary] to invoke the jurisdiction of the court." *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983) (explaining that "[t]he statutory creation of relief in the form of a declaratory judgment" does not eliminate the common law jurisdictional prerequisite of standing).

¶ 7 The Utah Supreme Court has established "a three-step inquiry [for] reviewing the question of a complainant's standing." *State v. Mace*, 921 P.2d 1372, 1379 (Utah 1996). First, the court must determine whether the complainant has " 'some distinct and palpable injury that gives rise to a personal stake in the outcome of the dispute.' " *Berg v. State*, 2004 UT App 337,¶ 8, 100 P.3d 261 (quoting *National Parks & Conservation Ass'n v. Board of State Lands*, 869 P.2d 909, 913 (Utah 1993)). "If the complainant cannot satisfy the first requirement, then [the court] will move to the second step of determining whether anyone else would have a more direct interest in the issues who can more adequately litigate the issues." *Mace*, 921 P.2d at 1379 (quotations and citation omitted). Finally, if the complainant cannot meet the first or second steps of our inquiry, then the court will "move to the third step, which is to decide if the issues raised by the [complainant] are of sufficient public importance in and of themselves to grant ... standing." *Id.* (alterations in original) (quotations and citation omitted).

## I. Palpable Injury

¶ 8 Plaintiff claims he has a palpable injury because (1) "prosecutors have pursued sodomy and fornication charges within the past few years" and (2) Plaintiff desires to and anticipates he will further engage in conduct prohibited by Utah's sodomy and fornication laws.

¶ 9 In 2004, the Tenth Circuit denied standing to a plaintiff who challenged Utah's sodomy statute as unconstitutional. *See D.L.S. v. Utah*, 374 F.3d 971 (10th Cir.2004). In that case, the plaintiff had sought both a declaratory judgment that Utah's sodomy statute was unconstitutional and a permanent injunction preventing the State from prosecuting the plaintiff. *See id.* at 973. The plaintiff was an unmarried adult who alleged he engaged in consensual, noncommercial, and private sexual activity with another unmarried adult in violation of Utah's sodomy laws. *See id.* Similar to the present case, the plaintiff claimed that he "hope[d] and expect[ed] to continue these practices in the future," but that he feared prosecution. *Id.* The plaintiff maintained that "this fear of prosecution ha[d] restrained and inhibited his sexual conduct and limited his ability to pursue intimate relationships," *id.*, and that this purported threat of prosecution "chill[ed] his First Amendment right to express intimate emotions via sodomous acts," *id.* at 974.

¶ 10 In denying the plaintiff standing under federal law and thus refusing to reach his constitutional claims, the Tenth Circuit held

that the plaintiff had "failed to show a sufficient likelihood of his future prosecution under the statute to support standing." *Id.* In reaching this conclusion, the court not only indicated that the plaintiff had never been charged, prosecuted, or threatened with prosecution under the statute, it also pointed out that the prosecutor had submitted an affidavit assuring the plaintiff that he did not intend to bring charges. *See id.* The court noted, "We have held that assurances from prosecutors that they do not intend to bring charges are sufficient to defeat standing, even when the individual plaintiff ha[s] actually been charged or directly threatened with prosecution for the same conduct in the past." *Id.* at 975.

¶ 11 Following the Tenth Circuit's decision, this court, in a factually similar case, also denied standing to a plaintiff who challenged Utah's sodomy and fornication statutes as unconstitutional. *See Berg v. State,* 2004 UT App 337, 100 P.3d 261. Like the plaintiff in *D.L.S.,* the plaintiff in *Berg* was an unmarried adult who alleged he was engaging in consensual, noncommercial, and private sexual activity with another unmarried adult in violation of Utah's sodomy and fornication laws. *See id.* at ¶ 2. This court determined the plaintiff in *Berg* failed to demonstrate a palpable injury where he relied on factually distinctive cases to prove that he faced a real threat of prosecution for past and future violations of Utah's sodomy and fornication laws. *See id.* at ¶ 11. In claiming he suf-

fered a palpable injury, the plaintiff in *Berg* pointed to three recent cases where defendants had been charged, and in one case convicted, for violating Utah's sodomy laws.[3] *See id.* at ¶¶ 12–14. This court distinguished those three cases, stating that:

> The three cases [plaintiff] cites do not show that the State is likely to prosecute consenting adults who violate the fornication and sodomy statutes. Rather, the cases demonstrate that the State will occasionally use the statutes against two classes of people: (1) individuals charged with rape or forcible sodomy, and (2) individuals who engage in consensual sodomy with minors.

*Id.* at ¶ 15.[4]

¶ 12 Here, Plaintiff, relying on our language in *Berg,* argues that because he has engaged in consensual sodomy with a seventeen-year-old, he faces a legitimate fear of prosecution. We disagree and take this opportunity to clarify *Berg.*

¶ 13 The *Berg* court's use of the term "minor," in light of the cases the court cites, has a narrow and particular meaning. *See id.* All of the cases discussed in *Berg* involved criminal conduct independent of sodomy or fornication. Therefore, we read "minor" as referring to those minors, fourteen to fifteen years of age, who cannot legally consent to sex, and where engaging in sexual acts with them would constitute a crime independent of sodomy or fornication.[5] Thus, the

**3.** *See State v. Houston,* 2000 UT App 242, 9 P.3d 188 (convicting defendant of sodomy and fornication); *State v. Gomez,* No.04–150–0771 (5th Dist. Ct. Washington County, Utah Aug. 26, 2004), *venue transferred and case renumbered* No.04–130–0359 (3d Dist. Ct. Tooele County, Utah Apr. 4, 2005) (charging defendant with sodomy and sexual exploitation of a minor but subsequently dropping the sodomy charge and amending the sexual exploitation charge to sexual battery). No citation is available for the third case—the American Fork case—proffered by the plaintiff in *Berg v. State,* 2004 UT App 337, 100 P.3d 261. However, that case is discussed in *D.L.S. v. Utah,* 374 F.3d 971, 974–75 (10th Cir. 2004) (explaining that the State brought multiple charges including sodomy against the American Fork defendant, and that the State ultimately dropped the sodomy charge).

**4.** *Houston,* 2000 UT App 242, 9 P.3d 188, cited and distinguished by this court in *Berg, see* 2004

UT App 337 at ¶ 12, 100 P.3d 261, illustrates this first class of individuals—those charged with rape or forcible sodomy. This first classification is not at issue in the present case.

**5.** In Utah, engaging in consensual sexual activities such as sodomy or fornication with a sixteen- or seventeen-year-old is criminal only when the actor "is ten or more years older than the minor." Utah Code Ann. § 76–5–401.2 (2003). But such activities with a fourteen- or fifteen-year-old minor are always criminal—even if such engagement is consensual. *See* Utah Code Ann. § 76–5–401 (2003). Importantly, the criminal penalties become more serious when the sexual activities are with children—those under the age of fourteen—who can never legally consent to such acts. *See* Utah Code Ann. § 76–5–406(9) (2003); *see also* Utah Code Ann. § 76–5–402.1 (2003) (rape of a child statute); Utah Code Ann. § 76–5–403.1 (2003) (sodomy on a child statute).

facts of this case, involving sodomous acts with a seventeen-year-old and no other independent crime, are distinguishable.

¶ 14 We also conclude that the American Fork and *Gomez* cases, relied on by Plaintiff, are distinguishable from Plaintiff's case because these cases involved much more than mere engagement in consensual sodomy with a sixteen- or seventeen-year-old. In the American Fork and *Gomez* cases, the State not only brought sodomy charges against the backdrop of serious factual circumstances—beyond sole "engagement"—it ultimately dropped the sodomy charges altogether. *See D.L.S. v. Utah,* 374 F.3d 971, 974–75 (10th Cir.2004) (discussing the American Fork case, which this court cited in *Berg,* 2004 UT App 337 at ¶ 13, 100 P.3d 261, to support its classification of individuals who engage in consensual sodomy with a minor as persons against whom the State will occasionally bring sodomy charges—emphasizing that in the American Fork case, the State brought the sodomy charge "in the context of a rape investigation"[6] and noting the State dropped the sodomy charge); *State v. Gomez,* No.04–150–0771 (5th Dist. Ct. Washington County, Utah Aug. 26, 2004), *venue transferred and case renumbered* No.04–130–0359 (3d Dist. Ct. Tooele County, Utah Apr. 4, 2005) (initially charging nineteen-year-old high school student with sodomy—for consensual oral sex with a minor—and sexual exploitation of a minor—for the alleged production, distribution, possession, or possession with the intent to distribute child pornography; however, the State dropped the sodomy charge and amended the sexual exploitation charge to sexual battery).[7]

¶ 15 Thus, we determine there is no authority supporting the proposition that the State will use Utah's sodomy and fornication statutes against those individuals who merely engage in consensual sodomy or fornication with a sixteen- or seventeen-year-old. We

therefore conclude Plaintiff has failed to provide a credible basis for his contentions that he is in a group "likely to be prosecuted" and that he has a legitimate fear of prosecution.

¶ 16 Given that Plaintiff "has never been charged with sodomy [or fornication], prosecuted under the[se] statute[s], ... directly threatened with prosecution," or provided this court with persuasive support indicating a "sufficient likelihood" of his prosecution, *D.L.S.,* 374 F.3d at 974, we conclude that Plaintiff fails this first step of our standing inquiry. As we noted in *Berg v. State,* 2004 UT App 337, 100 P.3d 261, "[w]here prosecution is improbable, [Plaintiff's] fear of prosecution does not rise to the level of palpable injury." *Id.* at ¶ 10.

### II. Others with a More Direct Interest in Issues

¶ 17 Because Plaintiff does not satisfy the first step of our standing inquiry, we turn "to the second step of determining whether anyone else would have a more direct interest in the issues who can more adequately litigate the issues." *State v. Mace,* 921 P.2d 1372, 1379 (Utah 1996) (quotations and citation omitted). Plaintiff "may have standing if no one has a greater interest than he and if the issue is unlikely to be raised at all if [the court denies Plaintiff] standing." *Berg,* 2004 UT App 337 at ¶ 16, 100 P.3d 261 (quotations and citation omitted). "Plaintiffs seeking standing under this rule must show that they are 'the best-suited parties to challenge the alleged illegalities.'" *Id.* (quoting *Haymond v. Bonneville Billing & Collections, Inc.,* 2004 UT 27, ¶ 10, 89 P.3d 171).

¶ 18 Here, Plaintiff admits that "a person criminally charged with the misdemeanors of sodomy and fornication would be in a stronger position to challenge the statutes." How-

---

**6.** Police [had] entered the defendant's home pursuant to a search warrant for a rape charge. The sodomy charge was brought because of statements made by the girl about her oral sex with defendant over the prior 24 hours. The police also found a list from the defendant's home identifying approximately 50 girls and various sex acts the defendant had had with them, including oral sex.

*D.L.S.,* 374 F.3d at 975.

**7.** In the American Fork and *Gomez* cases, the State did not charge the defendants with fornication. *See Berg v. State,* 2004 UT App 337, ¶¶ 13–14, 100 P.3d 261.

ever, Plaintiff argues that because "the statutes are seldom enforced," no better litigant exists than Plaintiff.

¶ 19 Per our discussion in step one of our standing inquiry, we find no recent cases indicating the State has brought sodomy charges against individuals based on the sole fact that they had engaged in consensual sodomy with a sixteen- or seventeen-year-old. Instead, the American Fork and *Gomez* cases demonstrate that, in the past, the State has brought separate sodomy charges in the context of serious factual circumstances beyond the sole act of engagement. Because the American Fork and *Gomez* cases demonstrate there are defendants whom the State has actually and separately charged with sodomy where it has brought more serious charges, it is these individuals, not Plaintiff, who are "more likely to be prosecuted," "face greater risk under the statutes," and "thus have a greater stake in the resolution of this issue."[8] *Berg*, 2004 UT App 337 at ¶ 17, 100 P.3d 261. Accordingly, we conclude that Plaintiff is not the best-suited party to challenge the statute.

### III. Public Importance

 ¶ 20 Finally, because Plaintiff has not established standing under either step one or two of our standing inquiry, we "move to the third step, which is to decide if the issues raised by the [complainant] are of sufficient public importance in and of themselves to grant ... standing." *State v. Mace*, 921 P.2d 1372, 1379 (Utah 1996) (alterations in original) (quotations and citation omitted). "[O]nly in 'limited circumstances'" will we grant standing "on the basis of public interest." *Berg v. State*, 2004 UT App 337, ¶ 18, 100 P.3d 261 (quoting *National Parks & Conservation Ass'n v. Board of State Lands*, 869 P.2d 909, 913 (Utah 1993)). Specifically, we will only grant standing in the name of public interest if the dispute "(1) raise[s] a statutory or constitutional issue of substantial public import, (2)[is] presented by adverse parties, and (3) otherwise [is] suitable

for resolution by the courts." *Id.* (quotations and citation omitted).

¶ 21 As in *Berg, see id.* at ¶¶ 18–19, we hold that the present case does not raise such issues of public importance as to permit us to grant Plaintiff standing. As Plaintiff states in his brief, the State rarely enforces Utah's sodomy and fornication statutes, and our review reveals that "[t]he rare instances where prosecutors have used the statutes do not suggest the presence of a widespread problem requiring judicial intervention in this case." *Id.* at ¶ 19 (citing *State v. Ansari*, 2004 UT App 326, ¶ 41, 100 P.3d 231, for the determination that where defendants "allege injury in the abstract and, without reifying facts to indicate injury actually exists and is widespread, we refuse to consider it an important public concern"). For that reason, we are procedurally required to "'await a more appropriate representative of the concerns raised [by Plaintiff].'" *Id.* (quoting *Ansari*, 2004 UT App 326 at ¶ 41, 100 P.3d 231).

### CONCLUSION

¶ 22 We conclude that Plaintiff does not qualify for standing under any of the three steps of our standing inquiry. Thus, we affirm the trial court's dismissal of Plaintiff's case for lack of standing.

¶ 23 WE CONCUR: JAMES Z. DAVIS, and GREGORY K. ORME, Judges.

---

8. Defendants who are charged under Utah's sodomy or fornication statutes, *see* Utah Code Ann. §§ 76–5–403 (sodomy statute), 76–7–104 (fornication statute), together with more serious charges, are in a position to challenge the constitutionality of these statutes by bringing a motion to dismiss the charges on constitutional grounds in an actual case.