499 P.2d 839

Max KUEHNERT, Plaintiff and Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.

No. 12656.

Supreme Court of Utah.

July 18, 1972.

Margret S. Taylor, Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen.,

Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff appeals from an order of the district court denying his petition for a writ of habeas corpus.

The trial court determined that plaintiff was lawfully incarcerated in the Utah State Prison pursuant to a conviction of the crime of forgery based upon a guilty plea, knowingly, intelligently, and voluntarily entered, and that plaintiff's rights were not violated by lack of counsel at the sentencing proceeding.

On appeal plaintiff asserts that his sentence was invalid and void on the ground that he was without counsel at a critical stage of the criminal proceedings, namely, at the time of sentencing.

A review of the record reveals that plaintiff was represented by counsel at the time his plea of guilty was entered; furthermore, there was no entry of withdrawal of counsel prior to sentencing. At the time of sentencing the trial court neither advised plaintiff of his right to counsel nor made inquiry as to why counsel was not present. In the colloquy between the court and plaintiff, the court merely queried whether it was plaintiff's desire not to wait but to be sentenced immediately, to which plaintiff responded affirmatively and expressed appreciation for prompt attention, as his stay in the jail was "dead time."

During the evidentiary hearing on plaintiff's petition, the court queried whether the State desired to show a waiver by plaintiff of counsel at the sentencing. The State responded negatively. The State was of the opinion that lack of counsel at the sentencing constituted harmless error. The issue of waiver was, therefore, not presented to the trial court. However, it should be observed that since plaintiff was not informed of his right to the presence of counsel, there is no ground upon which to predicate a waiver of this right.[1]

Article I, Section 12, Constitution of Utah, provides:

In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, . . . .

In the case of In re Boyce,[2] the court held that under Article I, Section 13, of

---

1. See In re Haro, 71 Cal.2d 1021, 80 Cal. Rptr. 588, 594, 458 P.2d 500, 506 (1969), wherein the court stated: " . . . we cannot condone in the present case the failure of the trial court to reinform defendant of his right to counsel when he appeared for the first time without his counsel for sentencing, nor can we countenance the trial court's failure to require defendant's waiver of his right to counsel in open court before the rendition of sentence."

2. 51 Cal.2d 699, 336 P.2d 164, 165 (1959).

the Constitution of California, which is substantially similar to Article I, Section 12, of the Constitution of Utah, a defendant was entitled to counsel when judgment was pronounced and sentence imposed. The court held that the judgment must be set aside and the matter remanded for resentencing with counsel present, where it appeared that defendant had been represented by counsel at all prior stages of the proceedings but was without counsel at the time the judgment and sentence were pronounced. This ruling was considered particularly applicable where there was nothing in the record to indicate that defendant was informed of his right to counsel or that he knew that he was entitled to the aid of an attorney.[3]

In Lee v. State,[4] the court stated that while there was a sharp conflict in authorities as to whether the presence of counsel for an accused was necessary at the time of sentence, they thought the better rule was that when counsel had not been waived, the absence thereof invalidated the sentence. The court observed that if there were any time that a defendant on a criminal charge might be in need of an attorney to speak in his behalf or to advise him of his legal rights it could well be at the time of sentencing.

In this jurisdiction, Section 77–35–17, U.C.A.1953, grants the trial judge power to place the defendant on probation.

. . . The granting or withholding of probation involves considering intangibles of character, personality and attitude, of which the cold record gives little inkling. These matters, which are to be considered in connection with the prior record of the accused, are of such nature that the problem of probation must of necessity rest within the discretion of the judge who hears the case. . . .[5]

The foregoing indicates the necessity of the presence of counsel at the time of sentencing; so that there is a real opportunity to present to the court facts in extenuation of the offense or in explanation of the defendant's conduct, as well as to correct any errors or mistakes in reports of the defendant's past record and to appeal to the equity of the court in its administration and enforcement of penal laws.[6]

The conflict in the authorities to which the court made reference in Lee v. State [7] has been resolved by the United States Su-

3. Also see People v. Horton, 174 Cal.App. 2d 740, 345 P.2d 45, 47 (1959).

4. 99 Ariz. 269, 408 P.2d 408, 409 (1965).

5. State v. Sibert, 6 Utah 2d 198, 205, 310 P.2d 388, 393 (1957).

6. See Martin v. United States (C.A. 5th 1950), 182 F.2d 225, 22 A.L.R.2d 1236, 1239–1240.

7. Note 4, supra.

preme Court. In McConnell v. Rhay,[8] the court stated:

As we said in Mempa [v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336], "the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." 389 U.S. at 135, 88 S.Ct. at 257, 19 L.Ed.2d at 341. The right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication.

█ In the instant action, since the record does not indicate that plaintiff knowingly and intelligently waived his right to counsel at the time of sentencing, we are compelled to hold his sentence invalid. However, this does not mean that the plaintiff is entitled to an absolute discharge.

The defect in the first sentence did not inhere in the judgment of conviction. The defendant pleaded guilty, and made no attack on any of the proceedings except the sentence. Had he appealed from the illegal sentence, as he had a right to do, notwithstanding his plea of guilty, this court would have set aside the sentence as void and have remanded the case to the trial court for a valid sentence. [Citation] There is no principle on which it can be successfully maintained that, by serving part of a void sentence instead of appealing from it, but later attacking it in collateral proceedings, the defendant can obtain immunity from being sentenced to the judgment provided by law. [Citation] [9]

This cause is remanded to the district court with directions to proceed to fix a date for pronouncing sentence upon plaintiff in a manner consistent with the views herein expressed.

TUCKETT, HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (concurring in the result):

I concur in the result, not because there was any error below, but simply to avoid having the matter taken before the federal courts, where the defendant would be released. There is no federal question involved in this matter.[1]

Even if the provisions of the Sixth Amendment were applicable to this case, it

8. 393 U.S. 2, 4, 89 S.Ct. 32, 21 L.Ed.2d 2, 4 (1968).

9. State v. Lee Lim, 79 Utah 68, 72, 7 P. 2d 825, 826 (1932); also see Ex Parte Folck, Folck v. Watson, 102 Utah 470, 473, 132 P.2d 130 (1942).

1. See my lonesome opinion in Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968).

should not require a release of the defendant on a habeas corpus proceeding. So far as pertinent to this matter, that Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.

At the time of the adoption of this Amendment there was no *right* to counsel in the courts of England in felony cases. In fact, it was not until 1826, 50 years after the Amendment, that a defendant charged with felony in the courts of England could be represented by counsel at trial.

It was a determination by the people of the 13 colonies to see that the new federal entity did not follow the rule of the English courts which prompted the language above quoted to be included in the Amendment.

The Amendment does not say, and it never was meant to say that a criminal *must* have counsel. All it ever said was that he had a *right* to have counsel to assist him.

In this case the defendant was never denied any right to have counsel and so I would affirm the trial court in what was done. However, I can see no harm in permitting a new sentence to be imposed upon the defendant.