Wade WAGSTAFF, Plaintiff
and Appellant,

v.

Eldon BARNES, Warden, Utah State
Prison, Defendant and Appellee.

No. 890663–CA.

Court of Appeals of Utah.

Dec. 3, 1990.

Wade Wagstaff, Draper, pro se.

R. Paul Van Dam, Atty. Gen., Barbara Bearnson, Asst. Atty. Gen., Salt Lake City, for defendant and appellee.

Before BENCH, GARFF and ORME, JJ.

## OPINION

BENCH, Judge:

Appellant Wade Wagstaff appeals from the district court's dismissal of the habeas corpus petition he filed after his conviction of assault and burglary. Wagstaff argues that the trial court erred in dismissing his petition because he was deprived of the assistance of counsel at his trial and he did not knowingly and intelligently waive his right to counsel.

After his conviction, Wagstaff appealed directly to this court alleging that he had been deprived of his constitutional right to be present at trial. This court affirmed

Wagstaff's conviction, holding that he voluntarily absented himself from trial and accordingly had waived that right. *State v. Wagstaff,* 772 P.2d 987, 990 (Utah Ct. App.1989). Wagstaff then filed a habeas corpus petition in the Third District Court alleging a deprivation of his constitutional right to be assisted by counsel at his criminal trial. The trial court granted the state's motion to dismiss the petition concluding that "[b]y voluntarily absenting himself from trial, and thereby not being available to assist counsel in his defense, petitioner cannot now be heard to complain that he was denied effective assistance of counsel."

I.

We must initially determine whether Wagstaff's contention that he was deprived of his right to counsel was properly placed before the trial court by Wagstaff's habeas corpus petition. A habeas corpus petition cannot be used as a substitute for regular appellate review. *Codianna v. Morris,* 660 P.2d 1101, 1104 (Utah 1983); *Summers v. Cook,* 759 P.2d 341, 343 (Utah Ct.App.1988). Nor may a habeas corpus petition be based on an issue previously raised on direct appeal. *See, e.g., Poe v. Turner,* 28 Utah 2d 60, 497 P.2d 1384, 1385 (1972). "It is ... well settled ... that allegations of error that *could* have been but were not raised on appeal from a criminal conviction cannot be raised by habeas corpus or post-conviction review, *except in unusual circumstances.*" *Codianna,* 660 P.2d at 1104 (emphasis added).

In the present case, Wagstaff's claim that he was denied his constitutional right to the assistance of counsel could and should have been raised on direct appeal, but it was not.[1] The issue therefore be-

---

1. The trial court concluded that the issue had been raised on direct appeal. It stated that "[e]ven though appellate counsel did not brief the issue, petitioner supplemented the brief with a four page letter to the Court of Appeals in which he presented legal argument and support for his contention [that he had been denied his right to counsel]." The implication of the trial court's finding is that Wagstaff's lack of representation at trial has already been addressed on direct appeal, in which case relief by habeas corpus petition would be inappropriate.

Wagstaff's four-page handwritten letter addressed to this court and referred to by the trial court in its finding of fact, explained that, contrary to Wagstaff's wishes, his appointed counsel had not argued his lack of trial representation claim on appeal. This case is not an *Anders* case where the criminal defendant is expressly allowed to file documents and pleadings

comes whether the facts of the present case are sufficiently "unusual" so as to validate Wagstaff's use of the habeas corpus procedure.

■ This determination is not subject to bright-line rules and must be decided on a case-by-case basis according to generally established guidelines. The Utah Supreme Court recently discussed the circumstances in which an alleged deprivation of a constitutional right validly may support a habeas corpus petition notwithstanding the petitioner's failure to raise the issue on direct appeal:

> The function of a writ of habeas corpus as a post-conviction remedy is to provide a means for collaterally attacking convictions when they are so constitutionally flawed that they result in fundamental unfairness....
>
> This Court has frequently held that while habeas corpus is not a substitute for appeal, a conviction may nevertheless be challenged by collateral attack in *"unusual circumstances,"* that is, where an *obvious injustice* or a *substantial and prejudicial denial of a constitutional right* has occurred, *irrespective of whether an appeal has been taken.*
>
> In fact, this Court has frequently addressed and resolved the merits of claims asserted in petitions for writs of habeas corpus even though the issues raised were known or should have been known at the time of conviction or initial appeal.... It follows, and it has long been our law, that a procedural default is not always determinative of a collateral attack on a conviction where it is alleged that the trial was not conducted within the bounds of basic fairness or in harmony with constitutional standards.

*Hurst v. Cook,* 777 P.2d 1029, 1034–36 (Utah 1989) (footnotes and citations omit-

ted; emphasis added). The record in the present case supports Wagstaff's contention that his petition sets forth "unusual circumstances" justifying habeas corpus relief in that his conviction was the product of both "obvious injustice" and a "substantial and prejudicial denial of a constitutional right."

"One instance of an obvious injustice would be the failure of an attorney to take an appeal when there is a substantial claim of a deprivation of a constitutional right which goes to the basic fairness of the trial." *Chess v. Smith,* 617 P.2d 341, 343–44 (Utah 1980) (citations omitted). On direct appeal, Wagstaff's appointed counsel failed to raise the representation argument, contrary to Wagstaff's expressed desire. This places the case squarely within the language of *Chess v. Smith* and constitutes an "obvious injustice" justifying habeas corpus relief. *Accord Jensen v. DeLand,* 795 P.2d 619, 621 (Utah 1989).

Furthermore, the denial of Wagstaff's right to the assistance of counsel at trial is presumptively a substantial and prejudicial denial of a constitutional right. "[T]he assistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" *Holloway v. Arkansas,* 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978) (quoting *Chapman v. California,* 386 U.S. 18, 43, 87 S.Ct. 824, 837, 17 L.Ed.2d 705 (1967)); *see also United States v. Cronic,* 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 2047 n. 25, 80 L.Ed.2d 657 (1984) ("The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.").

The accused's right to the assistance of counsel during the critical stages of a crim-

in addition to those filed by appellate counsel. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Clayton,* 639 P.2d 168 (Utah 1981). Wagstaff's counsel filed a main brief and a reply brief. "No further briefs may be filed except with leave of court." Utah R.App.P. 24(c). Wagstaff made no motion to this court to amend or supplement his briefs, and leave of the court to do the same

was never expressly or implicitly given. Wagstaff's letter was, in fact, indexed as a miscellaneous letter in this court's files. The letter therefore may not properly be considered a supplemental brief or an amendment to Wagstaff's previously filed briefs. Consequently, any argument that the absence of counsel issue has already been raised on direct appeal is without merit.

inal proceeding has long been recognized as a fundamental constitutional right. *See, e.g., Cronic,* 466 U.S. at 653, 104 S.Ct. at 2043; *State v. Farnsworth,* 13 Utah 2d 103, 368 P.2d 914, 915 (1962). We decline to foreclose Wagstaff's opportunity to vindicate his fundamental right to counsel because of a procedural default. Consequently, we proceed to address the merits of Wagstaff's claim that the trial court erred in dismissing his habeas corpus petition.

## II.

Wagstaff was arraigned on May 13, 1986, and thereafter retained attorney Herm Olson to represent him. On March 13, 1987, Olson moved to withdraw as counsel for Wagstaff and supported the motion with an affidavit in which he stated that "[d]efendant has failed and refused to contact [Olson] and therefore it has become impossible for [Olson] to adequately prepare a defense for Defendant Wade Wagstaff." On May 4, 1987, Olson's motion to withdraw was granted. The record is unclear whether Wagstaff received notice of Olson's withdrawal and there is no indication whether the trial court ascertained Wagstaff's financial status and eligibility for appointed counsel.

On June 30, 1987, a jury trial was held. The first page of the trial proceeding transcription indicates that Olson appeared for Wagstaff. The record is clear, however, that Olson attended the pretrial proceedings only at the request of the state's attorney and for the limited purpose of discussing with the court whether Wagstaff had knowledge of the trial date. Olson recited to the court his numerous efforts to correspond with Wagstaff and also explained that Wagstaff had telephoned him between March 19 and May 7, 1987. Olson could not recall whether he informed Wagstaff of the trial date during that conversation. Nor did Olson recall instructing Wagstaff to remain in contact or warning Wagstaff that his failure to communicate with his attorney might be construed as a waiver of his constitutional right to be assisted by counsel.

Based on this pretrial discussion, the district court concluded that Wagstaff's "lack of appearance at this time set for trial is a voluntary action on the part of the defendant and [the court] would acquiesce in the request of the state to proceed in his voluntary absence." After this preliminary proceeding, Olson then left the courtroom and neither attended nor participated in Wagstaff's trial. Wagstaff was convicted on charges of burglary and assault. After trial, but before sentencing, the court appointed Nathan Hult to represent Wagstaff in his post-trial motions and sentencing. Thus, the record clearly demonstrates that not only was Wagstaff absent from trial, but also, that he was not represented by an attorney during the trial proceeding.

In this court's decision on Wagstaff's prior direct appeal, addressing the unrelated issue of Wagstaff's right to be present at his trial, this court commented that "[a]lthough represented by a court-appointed attorney, Wagstaff was not present at trial." *State v. Wagstaff,* 772 P.2d 987, 988 (Utah Ct.App.1989). Based upon this statement, the trial court concluded in its findings of fact that "[t]he Court of Appeals found that petitioner was represented by counsel but voluntarily absented himself...." In observing that Wagstaff was represented by appointed counsel, this court did not purport or intend to engage in fact-finding. "[I]t is not the function of an appellate court to make findings of fact." *Rucker v. Dalton,* 598 P.2d 1336, 1338 (Utah 1979).

To the extent the trial court found in the habeas proceeding that Wagstaff was represented *at trial,* the finding fails under the "clearly erroneous" standard of review set forth by rule 52(a) of the Utah Rules of Civil Procedure. *See, e.g., State v. Walker,* 743 P.2d 191, 193 (Utah 1987); *Jefferies v. Jefferies,* 752 P.2d 909, 911 (Utah Ct.App. 1988). Applying this standard, the conclusion that Wagstaff was represented at trial is against the clear weight of the evidence—indeed it has no support in the evidence—and we have reached a definite and firm conviction that a mistake has been made. *See, e.g., Smith v. Linmar Energy*

*Corp.*, 790 P.2d 1222, 1224 (Utah Ct.App. 1990) (citing *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.*, 744 P.2d 1376, 1377 (Utah 1987)).

### III.

In dismissing Wagstaff's habeas corpus petition, the trial court concluded that "by voluntarily absenting himself from trial, and thereby not being available to assist counsel in his defense, petitioner cannot now be heard to complain that he was denied effective assistance of counsel." Wagstaff argues that this conclusion is erroneous because his voluntary absence from the trial, without further evidence of an affirmative waiver, could not have constituted waiver of his constitutional right to be assisted by counsel.

■ In reviewing an appeal from a dismissal of a habeas corpus petition, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." *Medina v. Cook*, 779 P.2d 658 (Utah 1989) (quoting *Bundy v. De-Land*, 763 P.2d 803, 805 (Utah 1988)); *see also Fernandez v. Cook*, 783 P.2d 547, 549 (Utah 1989) (in considering an appeal from dismissal of a habeas corpus petition, no deference is accorded the lower court's conclusions of law, which are reviewed for correctness). Viewing the record in the light most favorable to the findings of the trial court, we conclude that there is no reasonable basis to support the trial court's decision to dismiss Wagstaff's petition on the stated grounds.

■ Under both the United States Constitution and the Utah Constitution, Wagstaff had the right to the assistance of counsel at all critical stages of his criminal proceeding. *State v. Hamilton*, 732 P.2d 505, 506–07 (Utah 1986); U.S. Const. amend. VI; Utah Const. art. I § 12. Although of constitutional origin, "the right to assistance of counsel is personal in nature and may be waived by a competent accused if the waiver is 'knowingly and intelligently' made." *State v. Frampton*,

737 P.2d 183, 187 (Utah 1987); *see also Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). " 'Courts indulge every reasonable presumption against waiver' of fundamental constitutional rights." *Johnson v. Zerbst*, 304 U.S. at 464, 58 S.Ct. at 1023 (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937)); *see also United States v. Williamson*, 806 F.2d 216, 220 (10th Cir.1986) (doubts concerning a waiver of counsel must be resolved in the defendant's favor). In ascertaining whether a criminally accused has knowingly and intelligently waived the right to the assistance of counsel, the trial court bears a heavy responsibility to adequately protect the rights of the accused. *State v. Lafferty*, 749 P.2d 1239, 1248 (Utah 1988). Moreover, "[w]aiver may not be presumed from a silent record. 'The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.' " *State v. Hamilton*, 732 P.2d at 507 (quoting *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)).

■ The traditionally preferred method employed by trial courts in ascertaining whether the accused has knowingly and intelligently waived the right to the assistance of counsel is a colloquy entered on the record between the trial court and the accused in which the court questions the accused about the decision to waive counsel. *See, e.g., State v. Hamilton*, 732 P.2d at 507. Even absent an express colloquy, however, a valid waiver may be demonstrated on the record, but

> [t]o discharge [his] duty properly in light of the strong presumption against waiver ..., a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.... To be valid such waiver [of counsel] must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circum-

stances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances.

*Von Moltke v. Gillies*, 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948) (footnotes omitted).

The trial court concluded that "by voluntarily absenting himself from trial, and thereby not being available to assist counsel in his defense, petitioner cannot now be heard to complain that he was denied effective assistance of counsel." This conclusion fails in two respects. First, this conclusion mischaracterizes the nature of Wagstaff's argument. In his habeas corpus petition, Wagstaff indicated that his claim was founded "upon total absence and denial of counsel representation during [a] critical stage of trial, and the court's erroneous failure to insure said representation." Wagstaff further alleged that "defendant granted 'no' waiver to counsel," because counsel withdrew upon permission of the court without defendant's knowledge. Wagstaff's petition was not, therefore, premised on an ineffectiveness of counsel argument, but rather, on a total denial of the constitutional right to counsel.

Secondly, our review of the record and the applicable law supports Wagstaff's contention that his voluntary absence from trial, in and of itself, was not a waiver of his right to counsel and that there is no further evidence in the record to indicate such waiver. The trial record is devoid of evidence of a colloquy between Wagstaff and the trial court in which the court explained the nature of the charges, the range of allowable punishments, and possible defenses to the charges of mitigating facts. Nor is there any indication that Wagstaff understood the risks of declining legal counsel and was aware of the legal ramifications of that decision. To the contrary, the undisputed facts of this case demonstrate that Wagstaff was represented by counsel at early stages of the proceeding, that sometime before his trial, communications between him and his retained counsel ceased, and that his retained counsel withdrew from the case. The facts further demonstrate that the trial court took no action to investigate whether Wagstaff knew that his retained counsel had withdrawn, whether Wagstaff had retained or desired substitute counsel, or whether Wagstaff was financially entitled to appointed counsel. Absent evidence in the record of affirmative, knowing, and intelligent action by Wagstaff that might reasonably be construed as a waiver, we must conclude that there has been no waiver and Wagstaff was entitled to be represented by counsel at trial even if he chose not to be there himself.[2] Because Wagstaff was not represented by counsel at trial, his conviction was unconstitutionally obtained.

Accordingly, we reverse the trial court's dismissal of Wagstaff's petition and remand for further proceedings not inconsistent with this decision.

GARFF and ORME, JJ., concur.

---

**2.** Even though counsel will be less effective in the absence of his or her client, counsel can do much for the absent client. Skilled counsel can still, for example, interpose objections, cross-examine witnesses, and make arguments to the jury about such matters as the burden of proof.