2006 UT App 390

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ronnie M. CURRY, Defendant and Appellant.**

**No. 20050465–CA.**

Court of Appeals of Utah.

Oct. 5, 2006.

Marea A. Doherty, Duchesne, for Appellant.

Clark B. Allred and Clark A. McClellan, Allred & McClellan, Vernal, for Appellee.

Before Judges BILLINGS, DAVIS, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Ronnie M. Curry appeals his conviction for possession of a controlled substance, *see* Utah Code Ann. § 58–37–8(2) (Supp.2003), and possession of drug paraphernalia, *see id.* § 58–37a–5(1) (2002). We reverse and remand.

## BACKGROUND

¶ 2 On the evening of February 18, 2004, a Roosevelt City Police officer and an Adult Probation and Parole agent entered Defendant's home in search of Defendant's brother, a probationer. While in the home, the officer and the agent obtained information sufficient to cause them to believe that Defendant and others had used marijuana on the premises. After Defendant refused to consent to a search of his home, the police officer obtained a search warrant. After finding marijuana and drug paraphernalia, the police officer arrested Defendant. Defendant was charged with possession of a controlled substance, *see id.* § 58–37–8(2), and possession of drug paraphernalia, *see id.* § 58–37a–5(1).

¶ 3 Defendant moved to suppress the evidence, statements, and admissions obtained by the officer on the evening of his arrest, and requested an evidentiary hearing on the motion. On the date of the suppression hearing, Defendant's counsel failed to appear as a result of illness, which was later clarified as a serious heart attack. Despite being informed that defense counsel would not appear due to illness, the trial judge proceeded with the hearing, stating that he was prepared to rule on the motion based on the pleadings alone. The trial judge then allowed Roosevelt City (the City) to proffer evidence and present testimony from the Adult Probation and Parole agent and the

Roosevelt City Police officer who arrested Defendant. The trial judge did not provide Defendant with an opportunity to present his version of the facts or to cross-examine the City's witnesses. At the completion of the hearing, the trial judge denied Defendant's motion to suppress.

¶ 4 Defendant entered a conditional guilty plea pursuant to *State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988), and filed this appeal contesting the trial court's denial of his motion to suppress.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Defendant urges this court to reverse the trial court's denial of his motion to suppress, arguing that the trial court violated his Sixth Amendment right to counsel by conducting a suppression hearing in the absence of his attorney.[1] Ordinarily, we review the "factual findings underlying a trial court's decision to grant or deny a motion to suppress evidence" under a "clearly-erroneous standard," and we review the trial court's legal conclusions for correctness." *State v. Peterson*, 2003 UT App 300, ¶ 7, 77 P.3d 646 (quotations and citation omitted), *aff'd*, 2005 UT 17, 110 P.3d 699. However, we afford no deference to the trial court's application of the law to the underlying factual findings in search and seizure cases. *See State v. Brake*, 2004 UT 95, ¶ 15, 103 P.3d 699. Finally, "[c]onstitutional issues ... are questions of law that we review for correctness." *Chen v. Stewart*, 2004 UT 82, ¶ 25, 100 P.3d 1177.

## ANALYSIS

¶ 6 We have held that "the Sixth Amendment, the Utah Constitution, and state statutory law ... guarantee an accused the right to be represented by counsel." *State v. McDonald*, 922 P.2d 776, 779 (Utah Ct.App.

1996); *see also* U.S. Const. amend. VI; Utah Const. art. I, § 12; Utah Code Ann. § 77–1–6(1)(a) (2003). Indeed, "[u]nder both the United States Constitution and the Utah Constitution, [Defendant] had the right to the assistance of counsel at all critical stages of his criminal proceeding." *Wagstaff v. Barnes*, 802 P.2d 774, 778 (Utah Ct.App. 1990). "The accused's right to the assistance of counsel during the critical stages of a criminal proceeding has long been recognized as a fundamental constitutional right." *Id.* at 776–77.

¶ 7 The City contends that Defendant's claim fails because, under a harmless error analysis, he cannot show prejudice caused by the absence of counsel since the trial court was prepared to deny the motion to suppress based on the pleadings alone.[2] In essence, the City argues that the absence of defense counsel at the suppression hearing below did not so "affect[ ]—and contaminate[ ]—the entire criminal proceeding" that reversal is warranted. *Satterwhite v. Texas*, 486 U.S. 249, 257, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988).

¶ 8 "In most cases, if the reviewing court [holds] that a constitutional error was harmless beyond a reasonable doubt, it need not reverse." *State v. Kell*, 2002 UT 106, ¶ 15, 61 P.3d 1019. However, we may "'f[ind] constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.'" *Wagstaff*, 802 P.2d at 776 (quoting *United States v. Cronic*, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)).

¶ 9 We conclude that, under the facts and circumstances of this case, Defendant was denied his right to counsel at a critical stage of the proceeding.[3] The sup-

---

1. Because of our holding on Defendant's right to counsel claim and the absence of a fully developed record, we do not address Defendant's claims that his motion to suppress should have been granted on the merits.

2. Defendant preemptively argues that we may reach his right to counsel claim based on plain error or exceptional circumstances. *See State v. Nelson–Waggoner*, 2004 UT 29, ¶¶ 16, 23, 94 P.3d

186; *State v. Irwin*, 924 P.2d 5, 7 (Utah Ct.App. 1996). However, the City does not argue that Defendant failed to preserve his claims, but rather focuses on harmless error.

3. Critical stages of a criminal proceeding include arraignment, preliminary hearing, and trial. *See Hamilton v. Alabama*, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (holding that arraignment is critical stage where right to counsel

pression hearing constituted a critical stage of the proceeding because it was Defendant's opportunity to contest the admissibility of the evidence upon which the City's entire case against him was based. The record indicates that Defendant's attorney did not appear at the suppression hearing due to a serious illness. As a result, Defendant was effectively denied an opportunity at the hearing to cross-examine the City's witnesses and to put on evidence of his own version of the facts leading up to the search of his home, which ultimately resulted in his arrest. Defendant's motion to suppress set out a version of the facts patently different than that proffered by the prosecution, and Defendant's counsel specifically requested an evidentiary hearing. These facts indicate that Defendant and his attorney viewed the hearing as a valuable opportunity to present Defendant's case, which deserved full consideration by the trial court, aided by the skill and experience of Defendant's attorney.

¶ 10 Taken together, these facts persuade us that the trial court denied Defendant his right to counsel at a critical stage of his criminal proceeding. *See Wagstaff,* 802 P.2d at 776. As such, the City cannot establish that the trial court's error was harmless because we presume prejudice under these circumstances.

## CONCLUSION

¶ 11 We reverse and remand the trial court's order denying Defendant's motion to suppress evidence. On remand, Defendant shall have the option to withdraw his conditional guilty plea pursuant to rule 11(i) of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 11(i).

¶ 12 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.

cannot be infringed); *White v. Maryland,* 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (per curiam) (determining that preliminary hearing is critical stage where right to counsel cannot be infringed); *Wagstaff v. Barnes,* 802 P.2d 774, 779 (Utah Ct.App.1990) (holding that trial is critical stage where defendant has right to counsel even if defendant himself is not present).