2006 UT App 437

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jeffrey HOUSTON, Defendant and Appellant.**

**No. 20050535–CA.**

Court of Appeals of Utah.

Oct. 26, 2006.

D. Bruce Oliver, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, BILLINGS, and McHUGH.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Defendant Jeffrey Houston appeals his second degree felony convictions of thirteen counts of possessing a controlled substance precursor. *See* Utah Code Ann. §§ 58–37c–3(12)(k),–11(2) (2002). Defendant argues that his convictions should be reversed because he was denied his Sixth Amendment right to counsel when the trial court failed to obtain from him a voluntary, knowing, and intelligent waiver of his right to counsel.[1] We agree, and based on the recent Utah Supreme Court decision *State v. Pedockie*, 2006 UT 28, 137 P.3d 716, we reverse and remand for a new trial.

## BACKGROUND

¶ 2 Defendant was arrested on December 30, 2002, after he purchased crystal iodine from a veterinary clinic. The trial court advised Defendant of the charges and of his right to counsel at his initial appearance on January 7, 2003. Defendant retained private counsel, who later withdrew on November 17, 2004—the date Defendant's trial was initially scheduled to begin—after Defendant refused to enter a guilty plea. On December 17, 2004, current counsel entered an appearance for Defendant, but withdrew because Defendant failed to pay him a retainer fee or remain in contact. At the pretrial conference on January 4, 2005, Defendant indicated that he was not represented by counsel. The trial court determined that because Defendant was employed full-time, he was ineligible for appointed counsel. The court held a hearing on January 19, 2005, for Defendant to report his progress in obtaining counsel.

The court found that Defendant had not hired counsel, despite having had ample time to do so, and ordered that the trial continue as scheduled. The court also reminded Defendant that he did not qualify for appointed counsel and should immediately either submit an affidavit of indigency or employ counsel.

¶ 3 A jury trial was scheduled to begin on January 26, 2005. Just before midnight on January 24, 2005, Defendant faxed the court an affidavit of indigency. The trial judge did not see the affidavit until the afternoon before trial, at which point he refused to consider the affidavit, deeming it late as well as incomplete because it did not contain Defendant's employment information. After a three-day trial, the jury convicted Defendant on all thirteen counts of possessing a controlled substance precursor. On January 28, 2005, the trial judge found that Defendant was then indigent, based on Defendant's loss of employment, and appointed counsel to represent him at his sentencing. On March 24, 2005, Defendant and his current counsel filed a motion for new trial, arguing that Defendant had not received a fair trial because the trial court had led him to believe that his submission of an affidavit of indigency guaranteed that he would be appointed counsel by the start of trial. The trial court denied Defendant's motion. Defendant timely filed this appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Defendant argues that the trial court violated his Sixth Amendment right to counsel because he was unable to obtain counsel and did not voluntarily, knowingly, and intelligently waive his right to counsel. "Whether [Defendant] voluntarily, knowingly, and intelligently waived his right to counsel is a mixed question of law and fact. While we review questions of law for correctness, a trial court's factual findings may be reversed on appeal only if they are clearly erroneous." *State v. Pedockie*, 2006 UT 28,¶ 23, 137 P.3d 716.

1. Defendant also argues, inter alia, that the officer lacked probable cause to arrest him and that he received ineffective assistance of counsel. Because we reverse and remand, we do not reach these arguments.

## ANALYSIS

¶ 5 "The Sixth Amendment to the United States Constitution guarantees defendants the right to counsel in felony proceedings." *State v. Pedockie,* 2006 UT 28, ¶ 25, 137 P.3d 716; *see also* U.S. Const. amend. VI. A defendant has the right to waive this constitutional guarantee, but before allowing a waiver, the "trial court should ensure that [it] is voluntary, knowing, and intelligent." *Pedockie,* 2006 UT 28 at ¶ 26, 137 P.3d 716 (citing *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

¶ 6 Our supreme court describes three methods by which a defendant may waive his or her constitutional right to counsel: true waiver, forfeiture, and waiver by conduct. *See id.* at ¶ 27. A true waiver occurs when "a defendant affirmatively requests permission to proceed pro se." *Id.* at ¶ 28 (citing *United States v. Goldberg,* 67 F.3d 1092, 1099 (3d Cir.1995)). The trial court typically determines the existence of a true waiver by engaging in a colloquy with the defendant. *See id.* at ¶ 29. Forfeiture occurs when a defendant "engages in 'extremely dilatory conduct' or abusive behavior," *Id.* at ¶ 32 (quoting *Goldberg,* 67 F.3d at 1101), regardless of whether defendant intended to have counsel appointed, *see id.* at ¶ 31. When a defendant demonstrates such egregious behavior there is no need for the court to ensure that he or she understands the risks of self-representation. *See id.* In this case, Defendant never affirmatively requested to proceed pro se, and we cannot say, nor did the trial court find, that Defendant's dilatory behavior was egregious.

¶ 7 The third method, waiver by conduct, or implied waiver, occurs when a defendant is aware that certain conduct will cause him or her to lose the right to counsel. *See id.* at ¶ 33. For instance, a defendant may impliedly waive the right to counsel simply by his or her dilatory conduct in failing to secure counsel for trial after having been warned of the dire consequences of proceeding pro se. *See United States v. Weninger,* 624 F.2d 163, 167 (10th Cir.1980) ("We hold that [the defendant's] stubborn failure to hire an attorney constituted a knowing and intelli-gent waiver of the right to assistance of counsel.").

¶ 8 The Utah Supreme Court has determined that an implied waiver must meet two requirements: it must be voluntary, and the defendant must have given it knowingly and intelligently. *See Pedockie,* 2006 UT 28 at ¶ 36, 137 P.3d 716.

> For an implied waiver to be voluntary, the trial court must warn the defendant of the specific conduct that will give rise to the waiver of his right to counsel. In other words, when a trial court believes that a defendant's conduct is unacceptable and will result in a waiver of his right to counsel, the court must warn the defendant that continuation of the unacceptable conduct will be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel. This warning must be explicit so that a defendant clearly understands both the nature of the unacceptable conduct and the implications of any such future conduct.

*Id.* at ¶ 37 (citing *Goldberg,* 67 F.3d at 1100–03). In *Pedockie,* the supreme court concluded that the defendant had not voluntarily waived his right to counsel because the trial court had given him inconsistent warnings, at times telling him to get his own counsel or represent himself, but ultimately assuring him that a public defender would be appointed. *See id.* at ¶ 49.

¶ 9 For a defendant to knowingly and intelligently waive the right to counsel,

> the trial court must ensure that the defendant is cognizant of the dangers and disadvantages of self-representation. The court should explain the consequences of a decision to proceed pro se and, at a minimum, must "ascertain that the defendant possesses the intelligence and capacity to understand and appreciate the consequences of the decision to represent himself...."

*Id.* at ¶ 38 (quoting *State v. Heaton,* 958 P.2d 911, 918 (Utah 1998)). The supreme court has strongly recommended that trial courts engage in a colloquy to ensure that defendants understand the consequences of proceeding pro se. *See id.* at ¶ 42.

Absent a colloquy on the record, a reviewing court should review the record de novo to determine whether the defendant knowingly and intelligently waived his right to counsel.... [W]e pause to note that, considering the strong presumption against waiver and the fundamental nature of the right to counsel, any doubts must be resolved in favor of the defendant. We therefore anticipate that reviewing courts will rarely find a valid waiver of the right to counsel absent a colloquy.

*Id.* at ¶ 45 (quotations and citations omitted); *see id.* at ¶ 50 (observing further that nothing in the record indicated defendant's appreciation of the consequences of the decision to represent himself).

¶ 10 We conclude that although the record indicates that the trial judge urged Defendant on at least two occasions—at the pretrial hearing on January 4, 2005, and again on January 19, 2005—to immediately obtain counsel or submit an affidavit of indigency,[2] he did not explicitly advise Defendant that his failure to do both would result in pro se representation. As a result, Defendant did not voluntarily waive his right to counsel. Furthermore, the trial court did not advise Defendant of the difficulties and pitfalls of self-representation and, hence, did not ensure that Defendant knowingly and intelligently waived his right to counsel. Although we do not have the benefit of reviewing transcripts from the proceedings below, based on the record provided, we are convinced that the trial court failed to conduct a colloquy to determine whether Defendant understood the dangers and disadvantages of proceeding pro se.[3]

**CONCLUSION**

¶ 11 The trial court failed to explicitly warn Defendant that his failure to obtain counsel or submit an affidavit of indigency would result in his self-representation. The record also does not establish that the trial court advised Defendant of the dangers or disadvantages of self-representation. Therefore, Defendant did not voluntarily, knowingly, and intelligently waive his right to counsel and is entitled to a new trial. Accordingly, we reverse and remand.

¶ 12 WE CONCUR: JUDITH M. BILLINGS and CAROLYN B. McHUGH, Judges.

---

**2.** The trial court must determine whether a defendant is indigent by considering his entire financial situation. *See State v. Vincent,* 883 P.2d 278, 283 (Utah 1994). It was impossible for the trial court to have done this because Defendant submitted an incomplete affidavit. *See* Utah Code Ann. § 77–32–202(2)(a) (2003) ("Any defendant claiming indigency who is charged with a crime ... shall file with the court a fully complete affidavit....").

**3.** We note, however, that the trial court was understandably frustrated with the significant delays in this matter, thereby refusing to continue the trial one more time. Defendant's prior trial counsel instigated numerous continuances of the preliminary hearing and motion to suppress hearing. Defendant himself contributed to the delay when he failed to remain in contact with his current counsel, which caused current counsel to withdraw at the pretrial hearing on January 4, 2005.

We also acknowledge that the trial court did not have the benefit of *Pedockie's* articulation of requirements because the opinion was issued after Defendant's trial. *See State v. Pedockie,* 2006 UT 28,¶ 36, 137 P.3d 716. Even so, the constitutional right to counsel is essential and we cannot refuse to apply *Pedockie* in this case.