2007 UT App 194

**STATE of Utah, Plaintiff and Appellee,**

v.

**Nicholas Joshua CABRERA, Defendant and Appellant.**

No. 20050963–CA.

Court of Appeals of Utah.

June 7, 2007.

Edward K. Brass, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Brett J. Delporto, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, GREENWOOD, and THORNE.

## OPINION

BENCH, Presiding Judge:

¶ 1 Defendant Nicholas Joshua Cabrera pleaded guilty to two counts of class A misdemeanor Driving Under the Influence (DUI) with injuries. *See* Utah Code Ann. §§ 41–6a–502, 41–6a–503(1)(b)(i) (2005). He now appeals the part of his sentence requiring him to pay restitution to Rebecca Mecham (the Victim). In this decision, we conclude that court-ordered restitution, imposed as part of a criminal sentence, is not automatically discharged through bankruptcy proceedings. Further, we hold that a defendant's right to counsel at sentencing extends to restitution hearings when the imposition of restitution is a condition of probation and part of a sentence that includes actual or suspended jail time. We therefore affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

¶ 2 Defendant was driving a vehicle that struck the Victim's vehicle, injuring the Victim and her daughter. Defendant's blood-alcohol level was .16, twice the legal limit. In exchange for the dismissal of other charges arising out of the accident, Defendant agreed to plead guilty to two counts of class A misdemeanor DUI with injuries. In the plea agreement, Defendant admitted to "operat[ing] a motor vehicle after having consumed alcohol to a degree that [he] could not safely do so, injuring two people." At sentencing, the trial court suspended the majority of the jail time Defendant was facing, but required him to serve sixty days in jail and placed him on probation for thirty-six months. The conditions of probation included a requirement that Defendant pay restitution, the final amount of which was to be determined at a later hearing. During all phases of the proceedings, except at the final restitution hearing, Defendant was represented by a private attorney.

¶ 3 After serving his sixty-day jail sentence, Defendant filed a memorandum with the trial court arguing against the restitution order, claiming that his debts, including any arising from the car accident, were discharged through federal bankruptcy proceedings conducted sometime after the accident but before the charges were filed and restitution was ordered. Initially, the trial court rejected Defendant's claims that the restitution order was discharged in bankruptcy, but later reversed itself when Defendant notified the court of a federal bankruptcy court ruling. That bankruptcy court ruling was later reversed by the United States District Court in *In re Troff,* 329 B.R. 85 (D.Utah 2005).

¶ 4 The State subsequently filed a motion to reconsider the trial court's decision that the restitution had been discharged, and the trial court set a date for a hearing on the matter. At that hearing, Defendant informed the court that he had filed a memorandum in opposition to the motion to reconsider only a couple of days prior to the hearing. The matter was rescheduled for "further review and possible evidentiary hearing" because the court had not yet reviewed Defendant's lengthy memorandum. In the interim, defense counsel withdrew and Defendant subsequently appeared at the rescheduled hearing without counsel. At the rescheduled hearing, the trial court continued the matter again because Defendant was not represented by counsel. In deciding to continue the matter, the trial court noted the fact that Defendant had recently retained counsel who could not be present. The trial court warned Defendant that the next hearing would go forward even if Defendant appeared without counsel and advised Defendant to inform the court of any problems he had in obtaining counsel so that the appointment of counsel could be considered.

¶ 5 Defendant appeared at the final restitution hearing again without counsel and without having informed the court that he had been unable to obtain counsel due to monetary concerns. The court upheld its warning that no continuances would be granted, ruled that the restitution order was not discharged in bankruptcy, and allowed both parties to present evidence on the issue of the amount of restitution Defendant would be required to pay. Defendant now appeals the restitution order.

ISSUES AND STANDARDS OF REVIEW

■ ¶ 6 Defendant claims that the trial court erred by ruling that Defendant's restitution order was not dischargeable through federal bankruptcy. "We will not disturb a trial court's order of restitution unless the 'trial court exceeds the authority prescribed by law or abuses its discretion.'" *State v. Robinson,* 860 P.2d 979, 980–81 (Utah Ct. App.1993) (quoting *State v. Twitchell,* 832 P.2d 866, 868 (Utah Ct.App.1992)).

■ ¶ 7 Defendant also argues that the trial court violated his Sixth Amendment right to counsel by going forward with the restitution hearing despite his lack of counsel. Whether Defendant had the right to counsel is a constitutional issue and a question of law, which we review for correctness. *See State v. Curry,* 2006 UT App 390, ¶ 5, 147 P.3d 483. Whether a defendant "voluntarily, knowingly, and intelligently waived [the] right to counsel is a mixed question of law and fact. While we review questions of law for correctness, a trial court's factual findings may be reversed on appeal only if they are clearly erroneous." *State v. Pedockie,* 2006 UT 28, ¶ 23, 137 P.3d 716.

ANALYSIS

I. Dischargeability of Restitution

■ ¶ 8 Defendant's primary argument on appeal is that the trial court's imposition of restitution was in error because Defendant's debts, including those arising from the car accident, were discharged through federal bankruptcy.[1] He asks the court to hold that the restitution order is invalid as violative of federal bankruptcy law and to reverse the trial court's order. The federal bankruptcy statute states, in pertinent part, that bankruptcy does not discharge an individual's debts "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7) (2000). The United States Supreme Court has interpreted section 523(a)(7) of the United States Code as "pre-

serv[ing] from discharge any condition a state criminal court imposes as part of a criminal sentence." *Kelly v. Robinson,* 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); *see also* 11 U.S.C. § 523(a)(7). In reasoning that state restitution orders are exempted from bankruptcy discharge, the Supreme Court noted that restitution benefits the state by furthering the goals of criminal punishment and rehabilitation. *See Kelly,* 479 U.S. at 51–53, 107 S.Ct. 353 (stating that although monies collected through restitution are forwarded to victims, restitution is imposed based on factors tailored to individual defendants, not victims, so society as a whole receives the benefits associated with punishing and rehabilitating criminal behavior).

¶ 9 Neither party disputes the fact that the trial court ordered restitution in the instant case as a condition of Defendant's criminal sentence arising from the drunk driving incident. Because the United States Supreme Court has held that the conditions a state court imposes at sentencing are exempted from discharge, the trial court's decision to order restitution is well within the court's discretion and does not contravene federal bankruptcy law.

II. Right to Counsel

¶ 10 Because we hold that federal bankruptcy law does not invalidate the trial court's restitution order, we must discuss Defendant's secondary argument regarding a new restitution hearing. Defendant claims that the trial court violated his Sixth Amendment right to counsel by conducting the restitution hearing without the presence of defense counsel. Whether a defendant has a constitutional right to counsel at a restitution hearing is a question of first impression in Utah. We will answer the question by considering the nature of restitution hearings and evaluating whether they fall under the category of judicial proceedings at which criminal defendants have the right to counsel.

---

1. The dissent would have us duck this issue and remand it for the trial court to decide. However, we cannot remand this case for a new hearing if federal bankruptcy law prevents the imposition of restitution as a matter of law.

¶ 11 " 'Under both the United States Constitution and the Utah Constitution,' " criminal defendants have " 'the right to the assistance of counsel at all critical stages of [their] criminal proceeding[s].' " *State v. Curry,* 2006 UT App 390, ¶ 6, 147 P.3d 483 (quoting *Wagstaff v. Barnes,* 802 P.2d 774, 778 (Utah Ct.App.1990)). "The accused's right to the assistance of counsel during the critical stages of a criminal proceeding has long been recognized as a fundamental constitutional right," *Wagstaff,* 802 P.2d at 776–77, and it attaches when the defendant is subject to actual or suspended jail time. *See State v. Von Ferguson,* 2007 UT 1, ¶ 18, *petition for cert. filed,* 75 U.S.L.W. 3540, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (U.S. Apr. 2, 2007) (No.06–1327). Utah courts, in line with the United States Supreme Court, regard sentencing as a critical stage of criminal proceedings "at which a defendant is entitled to the effective assistance of counsel." *State v. Casarez,* 656 P.2d 1005, 1007 (Utah 1982); *see also Mempa v. Rhay,* 389 U.S. 128, 134, 137, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). " 'The right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication.' " *Kuehnert v. Turner,* 28 Utah 2d 150, 499 P.2d 839, 841 (1972) (quoting *McConnell v. Rhay,* 393 U.S. 2, 4, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968)). Further, the Utah Supreme Court has expressly recognized that restitution hearings are a part of "sentencing proceedings." *State v. Weeks,* 2002 UT 98, ¶ 16, 61 P.3d 1000.

¶ 12 Here, neither party denies that Defendant's right to counsel attached initially in this case. Defendant was subjected to sixty days of actual imprisonment, with over six-hundred days of suspended jail time and various conditions of probation, including restitution, also imposed. The restitution order in this case, when viewed in context with the other conditions of probation, constitutes a large portion of Defendant's sentence, and the restitution hearing effectively amounts to another sentencing proceeding.

¶ 13 Defendant was represented by counsel at all stages of the proceedings except the final restitution hearing, where the trial court set forth the final part of Defendant's sentence. The Utah Supreme Court has held that a criminal defendant has the right to counsel when sentence is pronounced. *See Kuehnert,* 499 P.2d at 840–41 (holding that a criminal defendant's sentence, pronounced during a hearing at which the defendant was not represented, was invalid). When restitution was initially ordered in this case, the trial court made it clear that the restitution order would be finalized at a subsequent restitution hearing. Additionally, in the intervening months the trial court entertained Defendant's arguments that restitution should not be imposed, which shows that the trial court's initial decision to order restitution was not final prior to the restitution hearing. Defendant's sentence could not be considered fully pronounced until the restitution order was finalized and the amount set because the order represented a major portion of the sentence and Defendant's satisfactory performance was to be a condition of his continued freedom from a suspended jail sentence.

¶ 14 Because restitution hearings are held as part of sentencing proceedings against criminal defendants, we hold that a criminal defendant has the right to counsel at a separate restitution hearing when restitution is ordered as part of a sentence that also includes actual or suspended jail time.

### III. Waiver of Right to Counsel

¶ 15 The State argues that Defendant waived his right to counsel by not obtaining counsel as instructed by the trial court. "[T]he Sixth Amendment implicitly guarantees criminal defendants the ability to waive their right to the assistance of counsel." *State v. Pedockie,* 2006 UT 28, ¶ 26, 137 P.3d 716. Courts recognize three methods by which defendants may validly waive their right to counsel: true waiver; forfeiture; and waiver by conduct or implied waiver. *See id.* at ¶ 27. We see no basis to conclude that true waiver or forfeiture could apply to Defendant's case, but we will discuss the issue under the theory of implied waiver. "Once a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed pro

se and thus, as a waiver of the right to counsel." *Id.* at ¶ 33. Just as for true waiver, implied waiver of the right to counsel must be done "voluntarily, knowingly, and intelligently." *Id.* at ¶ 23; *see also id.* at ¶¶ 33–36.

¶ 16 For an implied waiver to be voluntary, the trial court must explicitly warn the defendant that continuing the unacceptable conduct will result in waiver of the right to counsel. *See id.* at ¶¶ 33–36; *State v. Houston*, 2006 UT App 437, ¶ 10, 147 P.3d 543 (holding that the trial court's "urg[ing]" defendant to obtain counsel was insufficient to find a voluntary waiver). To ensure that a defendant's waiver of the right to counsel is knowing and intelligent, and that the defendant is aware of the "disadvantages and dangers of self-representation," the Utah Supreme Court "strongly encourage[s] trial courts" to conduct a colloquy on the record. *Pedockie*, 2006 UT 28 at ¶ 39. When there is no colloquy on the record, the supreme court has instructed reviewing courts to "review the record de novo to determine whether the defendant knowingly and intelligently waived his right to counsel." *Id.* at ¶ 45. This high standard caused the supreme court to "anticipate that reviewing courts will rarely find a valid waiver of the right to counsel absent a colloquy" because "any doubts must be resolved in favor of the defendant." *Id.*

¶ 17 Here, Defendant concedes that the trial court warned him that the restitution hearing would not be continued again. But the record shows that the trial court's warning may have been confusing because it also mentioned the appointment of counsel in the event Defendant could not obtain counsel. Defendant's conduct pales in comparison to the lengthy delay tactics employed by the defendant in *State v. Pedockie*, who was held not to have impliedly waived his right to counsel after delaying the proceedings multiple times over several months. *See id.* at ¶¶ 4–17; *State v. Houston*, 2006 UT App 437 at ¶ 10. We conclude that Defendant's failure to obtain counsel after one warning does not amount to a voluntary waiver of the right to counsel.

¶ 18 Even if Defendant's conduct amounted to a voluntary waiver, the record does not show that any such waiver was knowing and intelligent. There is no colloquy on the record, and there is nothing in the record to suggest that Defendant understood the potential dangers of proceeding pro se. We therefore hold that Defendant did not impliedly waive his right to counsel at the restitution hearing.

¶ 19 Because Defendant was denied his Sixth Amendment right to counsel at the restitution hearing, we hold that the restitution order is invalid. We therefore remand the case to the district court with directions to conduct a restitution hearing consistent with this opinion. In view of this disposition, we need not discuss Defendant's claims of plain error and ineffective assistance of counsel.

## CONCLUSION

¶ 20 A state court's restitution order made as part of a criminal sentence is exempted from discharge through federal bankruptcy proceedings, and the trial court's imposition of restitution does not contravene federal law. Because we consider restitution to be part of sentencing, a criminal defendant has the right to the assistance of counsel at restitution hearings when restitution is ordered in conjunction with actual or suspended jail time. Finally, because Defendant was not represented at such a hearing and did not waive his right to counsel, a new restitution hearing is required.

¶ 21 For the foregoing reasons, we affirm in part, reverse in part, and remand.

¶ 22 I CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge.

THORNE, Judge (concurring in part and dissenting in part):

¶ 23 I agree with the majority that Defendant had a right to counsel at the restitution hearing in this matter, that he did not waive that right, and that the trial court's restitution order must therefore be vacated and the issue remanded for further proceedings. Accordingly, I concur in sections two and three of the majority opinion analysis.

¶ 24 I do, however, respectfully dissent from section one of the majority's analysis, addressing the interplay between federal bankruptcy law and Utah's restitution scheme. Utah law links the availability of criminal restitution to a victim's ability to recover civil damages, *see* Utah Code Ann. § 76–3–201(1)(c)–(e) (Supp.2006), and thereby creates many opportunities to argue civil law in the restitution context. *See, e.g., In re T.W.*, 2006 UT App 259, ¶¶ 21–26, 139 P.3d 312 (Thorne, J., concurring) (discussing the application of various civil law concepts to restitution proceedings); *State v. Houston*, 2000 UT App 242, ¶ 13 & nn. 2–3, 9 P.3d 188 (explaining that a restitution court may not look beyond the facts and circumstances established by a conviction and that a defendant is entitled to a civil jury trial on any remaining fact question bearing on liability); *State v. Robinson*, 860 P.2d 979, 983 (Utah Ct.App.1993) ("Restitution should be ordered only in cases where liability is clear as a matter of law and where commission of the crime clearly establishes causality of the injury or damages."). And, the proper place to initially raise any such arguments is in the trial court. *See In re T.W.*, 2006 UT App 259 at ¶ 27 (Thorne, J., concurring) (discussing preservation requirement).

¶ 25 Because Defendant was denied the assistance of counsel below, his ability to present properly supported civil law arguments in the trial court was severely hampered. As we are already remanding this matter for another restitution hearing at which Defendant may have the assistance of counsel, I think it best that counsel be allowed to present and develop such arguments, including any arguments that rest on federal bankruptcy law, as counsel sees fit. On remand, counsel may be able to identify factual or legal issues that are not presently before this court. On the current record, which results from Defendant's previous uncounseled hearing, I consider it ill-advised to reach any of the substantive dischargability arguments raised in this appeal.

¶ 26 For these reasons, I would simply vacate the restitution order and remand the matter for further proceedings. I would leave any substantive arguments to be addressed at such time as they may reach us again, after a trial court hearing at which Defendant is not denied his right to counsel.